IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,

        **Plaintiff,**

v.

XAVIER BECERRA in his capacity as
Secretary of Health and Human Services,
et al.,

        **Defendants.**

Case No. 21-2224-DDC-JPO

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Francis Yomi asks the court to review Chief Magistrate Judge O'Hara's Order (Doc. 5) denying two of plaintiff's earlier motions. Doc. 10 at 1. As the court explains below, plaintiff's filings identify no proper basis to modify or set aside any part of that Order. The court thus denies plaintiff's Motion for Review (Doc. 10).

**I.    Background**

Plaintiff filed an employment discrimination action. Doc. 1 at 1 (Compl.). He then moved for leave to proceed in forma pauperis (IFP), *see* Doc. 3, and asked the court to appoint him counsel, *see* Doc. 4. Chief Magistrate Judge O'Hara issued an Order denying plaintiff's motion for leave to proceed in forma pauperis without prejudice to re-filing, and denying the request to appoint counsel. *See* Doc. 5 at 3–4. The Order informed plaintiff that he must file any

---

[1]     Plaintiff proceeds pro se, so the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and internal quotation marks omitted).

objections within 14 days. *Id.* at 5. The court later reminded plaintiff that if he "intends to file a renewed motion to proceed in forma pauperis, he shall provide the missing financial information as directed by the court's order." Doc. 9.

On June 8, 2021, plaintiff filed a Motion for Review of Chief Magistrate Judge O'Hara's Order denying plaintiff's two motions. Doc. 10 at 1. Plaintiff supplemented that motion with an additional filing. *See* Doc. 12.

## II. Legal Standard

In our court, the "procedure for filing objections to an order of a magistrate judge in a nondispositive matter follows Fed. R. Civ. P. 72(a)[.]" D. Kan. Rule 72.1.4(a). The incorporated federal Rule provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

With this standard in mind, the court now considers plaintiff's Motion for Review of the Magistrate Judge's Order ruling two nondispostive pretrial matters in this case.

## III. Discussion

### A. Whether the Order Ruling Plaintiff's Request for Leave to Proceed IFP is Clearly Erroneous or Contrary to Law

Chief Magistrate Judge O'Hara denied plaintiff's request for leave to proceed IFP because plaintiff had failed to provide the court with information required to determine whether plaintiff has the financial ability to pay the required filing fee. Doc. 5 at 3. The court denied the

request without prejudice to refiling a new request for IFP status, and informed plaintiff that he could re-file his request. *Id.* at 3. Objecting to the Magistrate Judge's Order is not a substitute for re-filing the underlying motion, but given the content of plaintiff's submissions, the court (1) liberally construes plaintiff's filings as a Renewed Motion for Leave to Proceed In Forma Pauperis, and (2) directs the Clerk of the Court to docket the filings accordingly.

Unfortunately for plaintiff, nothing in his Motion for Review and his supplemental filing identifies anything about the Order ruling his IFP request that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). So, the court sees no reason to modify or set aside the Order denying plaintiff's IFP request.

### B. Whether the Order Ruling Plaintiff's Request for Appointed Counsel is Clearly Erroneous or Contrary to Law

Plaintiff asked the court to appoint him counsel to assist with his employment discrimination suit. Chief Magistrate Judge O'Hara considered plaintiff's request under 28 U.S.C. § 1915(e)(1), and explained multiple reasons why he concluded that plaintiff's case is not one "in which justice requires the appointment of counsel." Doc. 5 at 4. Objecting to that ruling, plaintiff asserts the virtues of legal representation. He emphasizes that even lawyers hire attorneys, rather than proceed pro se. *See* Doc. 10 at 1–3 (¶¶ 9–12). Very well—but "[t]here is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). And the utility of legal representation does not itself justify appointing counsel to pro se litigants bringing civil actions.

Liberally construed, plaintiff's motion also might argue that plaintiff's case is more complex than Chief Magistrate Judge O'Hara may have recognized. Plaintiff asserts that the court's proceedings are complex and that by proceeding pro se, he risks the court dismissing his case if he fails to comply with the court's procedural requirements. Doc. 10 at 2–3 (¶ 11). But

the existence of general procedural requirements of federal litigation cannot alone justify the appointment of counsel. Indeed, our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840 (citation and internal quotation marks omitted). Plaintiff identifies nothing in the Order denying plaintiff's request for appointment of counsel is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). So, the court will not modify or set aside the Order denying plaintiff's request for counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Review of Chief Magistrate Judge O'Hara's Order (Doc. 10) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk of the Court is directed to docket Doc. 10-1 as a Renewed Motion for Leave to Proceed In Forma Pauperis, and docket Docs. 10-2, 10-3, and 12 as exhibits to that motion.

**IT IS SO ORDERED.**

**Dated this 6th day of August, 2021, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**

4