IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRANCIS YOMI,** <br><br> **Plaintiff,** <br><br> v. <br><br> **XAVIER BECERRA in his capacity as Secretary of Health and Human Services, et al.,** <br><br> **Defendants.** | Case No. 21-2224-DDC-JPO |

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Francis Yomi asks the court to review its August 6, 2021 Order (Doc. 13) denying plaintiff's Motion for Review of Chief Magistrate Judge O'Hara's Order (Doc. 10). The court construes plaintiff's motion as a Motion to Reconsider a Non-Dispositive Order and denies the motion, as explained below.

**I.   Background**

Plaintiff filed an employment discrimination action. Doc. 1 at 1 (Compl.). He then moved for leave to proceed in forma pauperis (IFP), *see* Doc. 3, and asked the court to appoint him counsel, *see* Doc. 4. Judge O'Hara issued an Order denying plaintiff's motion for leave to proceed in forma pauperis without prejudice to re-filing, and denying his request to appoint counsel. *See* Doc. 5 at 3–4. The Order informed plaintiff that he must file any objections within

---

[1] Plaintiff proceeds pro se, so the court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role as plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and internal quotation marks omitted).

14 days. *Id.* at 5. The court later reminded plaintiff that if he "intends to file a renewed motion to proceed in forma pauperis, he shall provide financial information as directed by the court's order." Doc. 9.

On June 8, 2021, plaintiff filed a Motion for Review of Judge O'Hara's Order denying plaintiff's two motions. Doc. 10 at 1. Plaintiff supplemented that motion with an additional filing. *See* Doc. 12. On August 6, 2021, this court denied that Motion for Review. Doc. 13. On August 8, 2021, plaintiff filed a motion asking the court to review its August 6 Order. Doc. 15. The court construes plaintiff's motion as a Motion to Reconsider and, now, considers the motion.

## II.     Legal Standard

Our District of Kansas rules provide that a party may file a motion asking the court to reconsider a decision made by that court. Under D. Kan. Rule 7.3(b), a party "seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Plaintiff's motion is timely and the court thus evaluates its merits below.

## III.    Discussion

Plaintiff does not satisfy any of the three requirements for reconsideration. Plaintiff's motion does not identify a change in law, new evidence, a need to correct an error, or a need to prevent manifest injustice.

### A.     Motion for Leave to Proceed In Forma Pauperis

Plaintiff objects to the court's treatment of his Motion for Leave to Proceed In Forma Pauperis. Doc. 15 at 1–3. Judge O'Hara denied plaintiff's first Motion for Leave to Proceed In

2

Forma Pauperis,[2] without prejudice to re-filing, because he could not ascertain plaintiff's financial status from his filings. Doc. 5 at 1–3. Plaintiff asked this court to review Judge O'Hara's Order (Doc. 10) and the court denied that Motion to Review. Doc. 13. Also, the court construed the attachments to plaintiff's filing as a Renewed Motion for Leave to File In Forma Pauperis and directed the Clerk of the Court to docket the attachments accordingly. *Id.* at 3.

Now, plaintiff argues that Judge O'Hara should have ruled his Renewed Motion for Leave to Proceed In Forma Pauperis and objects to the court's characterization of his motion as a Motion for Review. Doc. 15 at 1. Plaintiff argues the court should have granted him leave to proceed in forma pauperis. *Id.* at 2–3.

Plaintiff's arguments are unpersuasive. There is no need to correct a clear error or prevent injustice—plaintiff needed to provide the proper information to the court in a legible form. Plaintiff initially failed to do so. Plaintiff has since filed a Renewed Motion for Leave to Proceed In Forma Pauperis. Doc. 14. Judge O'Hara granted that Renewed Motion. Doc. 16. So, plaintiff since has received the relief he seeks.

Plaintiff worries that this court's Order may lead a reader to believe that plaintiff's June 8 motion (Doc. 10) was untimely, because the court referenced the 14-day deadline for filing objections. Doc. 15 at 4. As plaintiff noted, the court did not find plaintiff's filing untimely or even suggest he had submitted it late. And, the court addressed the merits of plaintiff's motion. Doc. 13. The 14-day deadline in the court's Order was not an error; the court merely referred to the procedural history of Judge O'Hara's Order and the relevant legal standard. There is no need to correct clear error or prevent manifest injustice.

---

[2]   Plaintiff argues that Judge O'Hara asked plaintiff to refile his Motion for Leave to Proceed In Forma Pauperis but plaintiff also claims that O'Hara did not deny the motion. Doc. 15 at 1. This is incorrect. Judge O'Hara denied plaintiff's motion, but the denial was without prejudice to refiling (Doc. 5), which is why plaintiff could file a new motion.

### B. Appointed Counsel

Plaintiff also asks the court to reconsider its denial of his request for appointed counsel. Doc. 15 at 4–5.

*First*, plaintiff claims the court agreed that plaintiff deserved counsel. *Id.* Plaintiff misread the Order. The court agreed with plaintiff that lawyers can hire lawyers. Doc. 13 at 3. But this conclusion does not entitle plaintiff to appointed counsel in this case, as Judge O'Hara correctly explained in his May 17, 2021 Order. Doc. 5 at 3–4.

*Second*, plaintiff argues that there is a constitutional right to counsel in his case because the court provided plaintiff with forms and these forms allowed plaintiff to request appointment of counsel. Doc. 15 at 5. Plaintiff then re-argues his case for appointment of counsel. *Id.* at 5–7. But a motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Also, as the court already has explained, the law establishes no constitutional right to counsel in civil cases. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case."). To be sure, the court *may* appoint counsel and the court thus provided plaintiff an application form for that purpose. This measure does not mandate appointment, however. To the contrary, and as the form explains: "I understand that in civil cases, there is no constitutional right to an appointed attorney." Doc. 4 at 1. Here, there is no need to correct clear error or prevent manifest injustice because none was imposed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Review (Doc. 15), which the court construes as a Motion to Reconsider a Non-Dispositive Order is denied.

**IT IS SO ORDERED.**

**Dated this 24th day of August, 2021, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**