IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,

        **Plaintiff,**

v.

XAVIER BECERRA in his capacity as
Secretary of Health and Human
Services, et al.,

        **Defendants.**

Case No. 21-2224-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Francis Yomi, proceeding *pro se*,[1] brings suit under Title VII of the Civil Rights Act of 1964 against defendants U.S. Food and Drug Administration ("FDA") and Xavier Becerra in his capacity as Secretary of the U.S. Department of Health and Human Services. Doc. 1 at 1 (Compl.). Plaintiff is a former FDA employee. *Id.* at 2. Defendant FDA has filed a Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1). Doc. 24 at 1 (Def.'s Mot. to Dismiss). The FDA argues that the court lacks subject matter jurisdiction over the action because of sovereign immunity. Doc. 25 at 3–4. For reasons explained below, the court grants the FDA's motion.

**I.    Background**

Plaintiff sues defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. Doc. 1 at 1 (Compl. ¶ 1). He alleges that his supervisors at the FDA

---

[1]     Because plaintiff filed his suit pro se, the court construes his filings liberally and holds them to "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *See id.* Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

discriminated against him because of his race, national origin, and gender (male). *Id.* at 3 (Compl. ¶ 9). Plaintiff also alleges that he experienced retaliation, harassment, and disparate treatment, and ultimately, his employer terminated his employment. *Id.* (Compl. ¶ 8). Defendant FDA filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), asking that the court dismiss it for lack of subject matter jurisdiction. *Id.* The FDA argues that a federal agency is not subject to suit in a Title VII employment discrimination action. Doc. 25 at 3–4. Instead, a Title VII plaintiff may sue only the head of the agency or department. *Id.* Plaintiff responds, arguing that he did not intend to name both the Secretary of Health and Human Services and the FDA as defendants. Doc. 26 at 1–2. Instead, plaintiff explains, he wanted to name one of these two parties as the defendant in his lawsuit. *Id.* The court addresses these arguments, below.

**II.      Legal Standard**

Federal courts are courts with limited jurisdiction and may preside over a case only if the court has subject matter jurisdiction. *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). Federal courts have subject matter jurisdiction over all civil actions arising under the constitutions, laws, or treaties of the United States, or where diversity of citizenship exists. 28 U.S.C.§§ 1331–32. The FDA invokes sovereign immunity—sovereign immunity is a doctrine presenting a jurisdictional issue because "the terms of the United States's consent to be sued in any court define that court's jurisdiction to entertain the suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quotation cleaned up).

Our Circuit has held that "'[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (quoting Fed. R. Civ. P. 12(h)(3)). Also, because "federal courts are courts of limited jurisdiction, there is a

2

presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp.--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted).

### III.   Analysis

The FDA argues that this court lacks subject matter jurisdiction over it because sovereign immunity bars suits against federal agencies. *See* Doc. 24 at 1 (Def.'s Mot. to Dismiss). Plaintiff has failed to shoulder his burden here because he has presented no legal authority suggesting that the court has subject matter jurisdiction over the FDA. Indeed, plaintiff appears to agree that the FDA isn't a proper party. Doc. 26 at 1 ("I have never said or meant that my lawsuit is against the DHHS and the FDA.").

For plaintiff to sue the FDA would require a waiver of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). Any waiver of "sovereign immunity must be unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992)). Waivers of immunity by the United States or one of its agencies "will not be implied," and any wavier is "strictly construed, in terms of its scope, in favor of the sovereign." *Id.* (citations omitted).

Plaintiff's claim against the FDA invokes Title VII. Doc. 1 at 1. Title VII contains a limited waiver of sovereign immunity. 42 U.S.C. § 2000e-16(c). Section 2000e-16(c) provides, in relevant part, that an aggrieved federal employee "may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." *Id.* Thus, Title VII expresses a limited waiver of sovereign immunity. Under it, a plaintiff may sue the federal government, but "the head of the department,

agency or unit" is the proper defendant.  Plaintiff properly named Mr. Becerra, in his capacity as Secretary of the U.S. Department of Health and Human Services, as a defendant in his suit.  Title VII's limited waiver of sovereign immunity, however, does not allow plaintiff to sue the FDA.  The FDA has not waived sovereign immunity, so this court has no subject matter jurisdiction to exert over this agency.  The court thus must dismiss the FDA from this suit, a result that plaintiff does not appear to contest.

### IV.     Conclusion

Sovereign immunity bars plaintiff's claim against the FDA.  Because the FDA is not included in Title VII's waiver of sovereign immunity, the court must grant the FDA's motion and dismiss the FDA for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant U.S. Department of Food and Drug Administration's Motion to Dismiss (Doc. 24) is granted.

**IT IS SO ORDERED.**

**Dated this 6th day of December, 2021, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**