IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,

      Plaintiff,

v.

XAVIER BECERRA in his capacity as Secretary of U.S. Department of Health and Human Services,

      Defendant.

Case No. 21-2224-DDC-JPO

## MEMORANDUM AND ORDER

Plaintiff Francis Yomi, proceeding pro se,[1] sued Xavier Becerra, in his capacity as Secretary of the U.S. Department of Health and Human Services, and the U.S. Food and Drug Administration (FDA) for violating Title VII. *See* Doc. 1.[2] Defendant FDA filed a Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1) (Doc. 24). The court granted the motion and dismissed the FDA from the case. Doc. 48. Now, plaintiff brings a Motion for Reconsideration (Doc. 52), asking the court to reconsider its Memorandum & Order dismissing the FDA. The court denies the motion.

---

[1]     Plaintiff proceeds pro se, so the court construes his filings liberally and holds them to "to a less stringent standard[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become plaintiff's advocate. *See id.* Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[2]     The court notes that plaintiff filed an Amended Complaint (Doc. 49) after the court issued its Memorandum and Order dismissing the FDA (Doc. 48). The caption of plaintiff's Amended Complaint still lists defendants as: "XAVIER BECERRA, Secretary of the Department of Health and Human Services, *et al.*" Doc. 49 at 1 (emphasis added). The court's Order here clarifies that plaintiff's suit asserts claims properly against defendant Mr. Becerra, in his capacity as Secretary of Health and Human Services, and Mr. Becerra only.

A "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b) (reciting the standard governing motions to reconsider non-dispositive orders); *see also* D. Kan. Rule 7.3(a) (instructing that motions to reconsider dispositive motions are governed by Fed. R. Civ. P. 59(e) or 60); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing these same three grounds for a Rule 59(e) motion).[3] Here, plaintiff invokes the third prong—he argues that the court made a clear error when it granted defendant FDA's Motion to Dismiss. He says he never intended to sue the FDA, so the court shouldn't have granted the motion, it should have dismissed or denied the motion. Doc. 52 at 2.

But plaintiff's motion merely reiterates arguments he already has made. *Compare* Doc. 26 at 1 ("I have never said or meant that my lawsuit is against the DHHS and the FDA."), *with* Doc. 52 at 1 ("I maintain again and again, over and over again, that I have never named the DHHS and the FDA as Defendants."). And, such arguments aren't appropriate on a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012 (explaining that motions for

---

[3]    The court's Order granting the FDA's Motion to Dismiss was dispositive because it dismissed plaintiff's claims against this one defendant. But, the court's order didn't dispose of all claims in the case. Our court has recognized that "[s]ome uncertainty exists" under our court's local rules "whether orders disposing of some but not all claims are dispositive or non-dispositive under D. Kan. Rule 7.3." *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1 (D. Kan. Jan. 10, 2013) (citations omitted). Judge Lungstrum has explained that "[n]either the Federal Rules of Civil Procedure nor this court's local rules recognize a motion for reconsideration when it contemplates a dispositive order" without a judgment. *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548–49 (D. Kan. 2006). But, the court nonetheless may consider a motion for reconsideration "based on the court's inherent power to review its interlocutory orders." *Id.*; *see also* Fed. R. Civ. P. 54(b) (explaining an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action [for] any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). And, in doing so, the court applies the legal standards governing a Rule 59(e) or D. Kan. Rule 7.3(b) motion, which are "essentially identical." *Ferluga*, 236 F.R.D. at 549.

2

reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court").

The court granted the FDA's Motion to Dismiss, so the FDA was dismissed as a defendant—an outcome that ultimately, plaintiff doesn't contest.  Doc. 52 at 3 ("[I]t is clear that the FDA is not a Defendant[.]").  Plaintiff fails to identify a need to correct clear error.  Thus, the court denies plaintiff's Motion for Reconsideration (Doc. 52).

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Francis Yomi's Motion for Reconsideration (Doc. 52) is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of December, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**