UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,

Plaintiff,

v.

XAVIER BECERRA, in his capacity as Secretary of Health and Human Services,

Defendant.

Case No. 21-2224-DDC

**ORDER**

Plaintiff, Francis Yomi, proceeding pro se, filed this employment-discrimination case against defendant, Xavier Becerra, in his capacity as Secretary of Health and Human Services. Defendant moves the court to issue a blanket protective order, modeled after the form protective order that's included as part of the Protective Order Guidelines posted on the District of Kansas website, to govern the exchange of discovery in this case (ECF No. 50). Plaintiff does not oppose the entry of a protective order, [1] but proposes an order that makes significant changes to the court's form protective order.

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

[1] Although not opposing the entry of a protective order, plaintiff does argue the motion should be denied because defendant failed to confer in good faith before filing it. The court has reviewed the record and finds the meet-and-confer requirement of D. Kan. Rule 37.2 satisfied (see ECF Nos. 68-1 & 68-2). The court also finds the motion timely because it was filed before the January 5, 2022 deadline set in the Scheduling Order (ECF No. 44 at 9).

oppression, or undue burden or expense . . . ."[2] The Tenth Circuit has recognized the usefulness of blanket protective orders in that

> [t]hey allow the parties to make full disclosure in discovery without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information, thereby promoting the overriding goal of the Federal Rules of Civil Procedure, 'to secure the just, speedy, and inexpensive determination of every action.'"[3]

"The district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required."[4] "The party seeking a protective order has the burden to show good cause for it."[5] To establish good cause, this party must make a particular and specific demonstration of fact,[6] and may do so on a generalized basis, as opposed to a document-by-document basis.[7] If the party seeking protection shows good cause to believe discovery will involve confidential or protected information, agreement to enter a blanket protective order between the parties is not required.[8]

---

[2] Fed. R. Civ. P. 26(c)(1).

[3] *Univ. of Kan. Ctr. for Research, Inc. v. United States*, No. 08-2565-JAR, 2010 WL 571824, at *4 (D. Kan. Feb. 12, 2010) (quoting *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

[4] *Id.* at *3 (citing *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007)).

[5] *Id.* (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

[6] *Id.* (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981)).

[7] *Matson v. Hrabe*, No. 11-3192-RDR, 2013 WL 4483000, at *1 (D. Kan. Aug. 20, 2013) (citing *Bartholomees v. Signator Investors, Inc.*, No. 03-2081-GTV, 2003 WL 22843174, at *1 (D. Kan. Nov. 25, 2003)).

[8] *Id*. at *2 (citing *Bartholomees*, 2003 WL 22843174, at *1).

As discussed at the scheduling conference held on December 3, 2021, a protective order is fairly standard practice in employment cases and useful to both parties. Ultimately, plaintiff seems to agree a protective order is called for, though he has a different idea of the scope of it. The court's form protective order includes provisions deemed necessary in civil cases for the fair and efficient resolution of cases. The court is not inclined to remove provisions of the standard protective order in the absence of a compelling reason, and plaintiff has not persuaded the court his changes should be made.

Defendant has met its burden in showing good cause exists for a protective order on a generalized basis. Defendant states it reasonably anticipates that documents containing confidential personnel and employment information, internal FDA documents that may relate to FDA investigations and/or methods of conducting said investigations, sensitive and confidential information regarding third parties such as personnel records, and confidential information related to plaintiff, including plaintiff's medical and employment records (as plaintiff is seeking damages for, among other things, mental anguish and emotional distress) will be requested. It is also likely plaintiff will seek sensitive demographic information of other employees and will likely seek other sensitive, non-public information, all of which may be subject to protection from disclosure under the Privacy Act.

Because defendant has met its burden with this showing, plaintiff's agreement to enter a protective order is not required. The parties will be permitted to make full

disclosures in discovery "without fear of public access to sensitive information and without the expense and delay of protracted disputes over every item of sensitive information."[9]

IT IS THEREFORE ORDERED that defendant's motion for protective order (ECF No. 50) is granted. The court will enter a protective order, based on defendant's proposal, in a separate docket entry.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated January 4, 2022, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

[9] *Univ. of Kan. Ctr. for Research, Inc.*, 2010 WL 571824, at *4 (quoting *United Nuclear Corp.*, 905 F.2d at 1427).