UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANCIS YOMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2224-DDC |
| | ) |
| XAVIER BECERRA, in his capacity as | ) |
| Secretary of Health and Human Services, | ) |
| | ) |
| Defendant. | ) |

# ORDER
# AND
# REPORT AND RECOMMENDATION

Plaintiff, Francis Yomi, proceeding pro se, filed this employment-discrimination case against his former employer, defendant Xavier Becerra in his capacity as Secretary of Health and Human Services. Plaintiff alleges defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against him based on his race and national origin. Plaintiff now moves the court, under Fed. R. Civ. P. 15(a)(2), to allow him to file a second amended complaint that modifies the "request for relief part" of his amended complaint (ECF No. 91). Plaintiff seeks to add two prayers for relief: (1) a requirement that defendant e-mail all of its employees with details of plaintiff's successful claims, and (2) punitive damages. Defendant does not specifically oppose the e-mail addition, so that request is granted. But because the undersigned U.S. Magistrate Judge, James P. O'Hara, concludes

1

the proposed amendment to add a punitive damages claim would be futile, he recommends the presiding U.S. District Judge, Daniel D. Crabtree, deny the motion for leave as to that request.[1]

## I.     ORDER

As indicated above, plaintiff's proposed second amended complaint adds a prayer for relief that the court order defendant to send an e-mail to its employees "informing them about [plaintiff's] winning, by mentioning in that email all the 14 claims of discrimination in [the] amended [complaint] . . . and the amount of money awarded [plaintiff]."[2] Defendant does not oppose this amendment. Although it is <u>extremely unlikely</u> such non-monetary relief ever would be granted by the court even if plaintiff ultimately prevails on liability, the court grants this portion of the motion as unopposed. Plaintiff is granted leave to file a second amended complaint that includes this prayer for relief.

Before turning to plaintiff's second proposed amendment to his prayer for relief, the court notes that an ancillary question has arisen in the parties' briefs over whether plaintiff's second amended complaint may include changes to the "claims" section of his

---

[1] Because the denial of a motion for leave to amend a complaint can be construed as dispositive, the undersigned sets forth his analysis in a report and recommendation to the district judge, who will make the final decision. *See Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014) ("When a court denies a claim as futile on a motion for leave to amend, the denial 'has the identical effect as an order dismissing potential claims' and is therefore dispositive." (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002))).

[2] ECF No. 91-1 at 6.

amended complaint. This issue stems from plaintiff's filing of a 42-page "supplement"[3] to his proposed second amended complaint that discusses each of his 14 claims in detail. The simple answer to this question is "no." Plaintiff's motion for leave to amend does not request leave to modify the claims portion of his amended complaint. Rather, as noted above, plaintiff explicitly stated in the motion (which itself is titled, "Plaintiff's motion to amend the request for relief of his complaint/lawsuit"), "I (Francis Yomi), am amending the request for relief part of my complain/lawsuit [sic]"[4] Thus, plaintiff has not sought leave, and is not granted leave, to amend the claims portion of his amended complaint with this supplement.[5]

## II. REPORT AND RECOMMENDATION

Plaintiff's second requested amendment is to add a prayer for punitive damages. Defendant opposes this request on the ground that this amendment would be futile. The undersigned agrees, and therefore recommends this portion of the motion be denied.

---

[3] ECF No. 98.

[4] ECF No. 91 at 1.

[5] In any event, the 42-page, single-spaced supplement explaining each of plaintiff's 14 claims in detail is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 8(a) directs that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d) goes on to require that "[e]ach allegation must be simple, concise, and direct." Thus, even if plaintiff had properly moved for leave to add the lengthy supplement to his second amended complaint, his request likely would have been denied. Plaintiff will have an opportunity to discuss his claims in detail either in briefing on a motion for summary judgment or at trial.

Rule 15(a)(2) directs the court to "freely give leave [to amend] when justice so requires." But the court may decline to grant leave to amend if the proposed amendment would be clearly futile.[6] "Clearly futile" means that the proposed amendment would be subject to dismissal for any reason.[7] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.[8] To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The decision whether to grant leave to amend is within the discretion of the district court.[10]

It is well established that, pursuant to 42 U.S.C. § 1981a(b)(1), punitive damages may not be awarded against the federal government or one of its agencies for violations of Title VII.[11] Thus, any such demand added to plaintiff's second amended complaint would

---

[6] *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1192 (D. Kan. 2018); *Tackett v. Univ. of Kan.*, 234 F. Supp. 3d 1100, 1105 (D. Kan. 2017).

[7] *Weckhorst v. Kan. State Univ.*, No. 16-2255-JAR, 2017 WL 3674963, at *4 (D. Kan. Aug. 24, 2017).

[8] *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686-JWL, 2013 WL 6589564, at *3 (D. Kan. Dec. 16, 2013).

[9] *Williams v. United Health Grp.*, No. 18-2096-HLT, 2018 WL 4681637, at *3 (D. Kan. Sept. 28, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Tackett*, 234 F. Supp. 3d at 1105.

[11] *See Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155 (D. Kan. 2004) (dismissing demand for punitive damages in Title VII suit because "Congress has expressly prohibited plaintiffs from recovery of punitive damages" in Title VII suits against government

be subject to dismissal, making the amendment futile. The undersigned therefore recommends that Judge Crabtree deny plaintiff leave to amend to add punitive damages to his prayer for relief.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend is granted to the extent plaintiff seeks to add a prayer for relief that would require defendant to send an e-mail blast to its employees. A ruling on the remainder of plaintiff's motion will be made by Judge Crabtree after considering the recommendation herein. Plaintiff is directed to file his second amended complaint as a separate docket entry within 7 days of Judge Crabtree's ruling. This second amended complaint must be in the form attached to plaintiff's motion (i.e., ECF No. 91-1), but possibly with the prayer for punitive damages eliminated of so directed by Judge Crabtree.

---

agencies); *Terry v. Ashcroft*, 336 F.3d 128, 153 (2d Cir. 2003) (affirming district court's dismissal of demand for punitive damages against federal agencies, departments and officials); *Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998) (holding the postal service, as a government agency for purposes of Title VII, was exempt from punitive damages); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir.1997) (same); *Santiago v. DeJoy*, No. 20cv-1571 YGR, 2020 WL 6118528, at *3 (N.D. Cal. Oct. 16, 2020) (granting motion to dismiss punitive damages claim for lack of jurisdiction because "while punitive damages generally are available under Title VII against private employers, they are not available against a federal government employer because the federal government has not waived sovereign immunity for purposes of punitive damages claims"); *Hill v. Mabus*, No. 1:09-cv-84 (WLS), 2010 WL 11519545, at *6 (M.D. Ga. Sept. 16, 2010) (dismissing "claim for punitive damages in . . . Title VII suit against his federal government employer" for failure to state a claim upon which relief can be granted).

5

IT IS THEREFORE RECOMMENDED that plaintiff's motion for leave to amend be denied to the extent plaintiff seeks to add a prayer for punitive damages.

Plaintiff is informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition

Dated February 4, 2022, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge