UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANCIS YOMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-2224-DDC |
| | ) |
| XAVIER BECERRA, in his capacity as | ) |
| Secretary of Health and Human Services, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the court is the motion of defendant (ECF No. 106) to amend two deadlines set in the scheduling order (ECF No. 44): the deadline for conducting a mental or physical examination pursuant to Fed. R. Civ. P. 35 and the deadline for defendant to disclose expert witnesses under Fed. R. Civ. P. 26(a)(2). Finding good cause for the requested amendments, the motion is granted.[1]

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." To establish good cause under Rule 16, "the movant must show the 'scheduling deadlines cannot be met despite [the movant's] diligent

---

[1] Although plaintiff asserts defendant failed to adequately confer to determine plaintiff's position before filing the motion, the court exercises its discretion to decide the motion, in the interest of efficiency, as plaintiff very clearly opposes the requested relief.

1

efforts.'"[2] The party seeking to extend a scheduling-order deadline must establish good cause by proving that despite due diligence it cannot meet the deadline.[3] This normally requires the moving party to show good faith on its part and some reasonable basis for not meeting the deadline. Neither the bad faith of the moving party, nor the lack of prejudice to the non-moving party is a focus of the inquiry.[4] Whether to modify the scheduling order lies within the court's sound discretion.[5] "While a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril, rigid adherence to the . . . scheduling order is not advisable."[6] Ultimately, whether to modify the scheduling order lies within the court's sound discretion.[7]

Defendant asserts good cause exists here because it has been unable to obtain plaintiff's medical records, despite its due diligence. On January 21, 2022, the court granted defendant leave to seek plaintiff's medical records from, and pursue interviews of,

---

[2] *Gorsuch, Ltd., B.C.b. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quoting *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

[3] *Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244, 2010 WL 3861278, at *1–2 (D. Kan. Sept. 20, 2010) (quoting *Grieg v. Botros*, No. 09-1181, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010)).

[4] *Id.* at *2; *Greig;* 2010 WL 3270102, at * 3.

[5] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

[6] *MW Builders, Inc. v. Fire Prot. Grp.*, No. 16-2340, 2017 WL 3994884, at *2 (D. Kan. Sept. 7, 2017) (quoting *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[7] *Paris v. Sw. Bell Tel. Co.*, 94 F. App'x 810, 816 (10th Cir. 2004).

plaintiff's providers (ECF No. 96). However, plaintiff filed a motion seeking review of that order on January 31, 2022 (ECF No. 102), which is still in the briefing stage. Thus, it is unlikely defendant will be in possession of plaintiff's records in time to comply with the current deadlines of March 11, 2022, and March 25, 2022, for the medical examination and expert disclosures, respectively. Defendant notes that it cannot determine whether it will pursue a Rule 35 examination of plaintiff until it has reviewed plaintiff's medical records. If defendant does intend to pursue the examination, defendant's proposed examining doctor has confirmed that he needs to have plaintiff's medical records, as well as time to review those records, prior to examining plaintiff. The court finds that defendant has demonstrated good cause for the requested extensions.

IT IS THEREFORE ORDERED that defendant's motion to amend scheduling-order deadlines is granted. The new deadline for Rule 35 medical examinations is **April 25, 2022.**[8] The new deadline for defendant's expert disclosures is **May 9, 2022;** correspondingly, the deadline for rebuttal expert reports is **May 31, 2022.**

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge

---

[8] Plaintiff argues any mental or physical examination is unnecessary. Defendant is reminded that, should it choose to pursue an examination, its motion to compel such examination "must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, and for the examination to be conducted, all before the deadline expires." ECF No. 44 at 7.

review this order.  A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

    IT IS SO ORDERED.

    Dated February 8, 2022, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge
