UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,                               )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )          Case No. 21-2224-DDC
                                            )
XAVIER BECERRA, in his capacity as          )
Secretary of Health and Human Services,     )
                                            )
                    Defendant.              )

## **ORDER**

Plaintiff, Francis Yomi, proceeding pro se and in forma pauperis, alleges that in 2015 he was discriminated against based on his race, national origin, and gender during his employment with the Kansas City District Office of the U.S. Food and Drug Administration in Lenexa, Kansas.  By the time plaintiff filed this suit in 2021, he had moved to Frederick, Maryland, where he lives today.  Defendant recently noticed the deposition of plaintiff to occur in Kansas City, Kansas.[1]  Plaintiff now moves for the entry of a protective order setting the deposition within 50 miles of his place of residency or workplace in Maryland (ECF No. 100).[2]  Because plaintiff has failed to demonstrate good cause to deviate from the general rule that a plaintiff must make himself available for a deposition in the district where he brought suit, the motion is denied.

---

[1] ECF No. 92.

[2] Plaintiff states he is unemployed, so the court construes the motion as requesting the deposition occur within 50 miles of his residence.

Plaintiff seeks an order to "protect [him] from [the] financial hardship" that would accompany travel to Kansas for his deposition.[3]  Fed. R. Civ. Pro. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery[.]"  The party seeking a protective order has the burden to show good cause for its entry.[4]  To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

If good cause is shown, the court has broad discretion to fashion a protective order governing discovery.  Under Rule 26(c)(1), this includes discretion to establish the time and place of the deposition, and which party should bear travel expenses associated with the deposition.[6]  The Supreme Court has recognized that "[t]he trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court have

---

[3] ECF No. 100 at 1.

[4] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

[5] *Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[6] *Gipson v. Sw. Bell Tel. Co.*, No. 08-2017-KHV, 2008 WL 4499972, at *4 (D. Kan. Oct. 1, 2008) (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)).

substantial latitude to fashion protective orders."[7]

In considering plaintiff's motion for protective order, the court also must keep in mind the general principles that apply to selecting the place to conduct a deposition. Because the Federal Rules of Civil Procedure do not dictate where depositions may be taken, "the examining party may set the place for the deposition of the opposing party, subject to the court's power under Rule 26(c)(2) to enter a protective order designating a different place."[8]  As a general rule, however, "a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought."[9]  This rule is premised on the theory that plaintiff "selected the forum and should not be heard to complain about having to appear there for a deposition."[10]

Having reviewed the parties' arguments, the court is not persuaded that the requested protective order should be granted.  Plaintiff's sole support for his requested protective order is undue burden and expense.  As the party objecting to the discovery, plaintiff has the burden of making "a particular and specific demonstration of fact" to show

---

[7] *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 36 (1984).

[8] *Gipson,* 2008 WL 4499972, at *4.

[9] *Id.* (quoting *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200, 2006 WL 1867471, at *3 (D. Kan. June 30, 2006)); *see also Dubuc v. Cox Commc'ns Kan., L.L.C.,* No. 21-2041-EFM, 2021 WL 4050855, at *1 (D. Kan. Sept. 5, 2021) ("Defendant cites (and plaintiff candidly acknowledges) the general rule that a plaintiff must make herself available for deposition in the forum where she has filed suit."); *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012) ("As Defendant points out, this Court has recognized that the general rule is that plaintiffs must make themselves available for examination in the district in which they brought suit.").

[10] *Gipson,* 2008 WL 4499972, at *4.

that the taking of depositions in Kansas City pursuant to the noticed schedule is unduly burdensome or unduly expensive.  Plaintiff has not carried that burden.

Plaintiff has failed to provide an affidavit or specific supporting information to substantiate his claim that traveling to Kansas City for the deposition would be unduly burdensome.  In fact, plaintiff has given no indication of what he estimates his travel costs would be.  Rather, plaintiff makes only the generalized statement that he does "not have (enough) money for travel expenses."[11]  Even if this conclusory statement could suffice, the court would take it with a grain of salt, given that less than two months have passed since plaintiff informed defendant and the court he planned "to travel to Kansas, from Maryland . . . to try to get some medical documents (Medical records, bill or billing statements, etc.) from a health care provider who treated me there in 2015, and I forgot his name, and the name of the medical center, address, etc. . . ."[12]  It appears plaintiff does have the funds to travel to Kansas, but he simply does not want to use those funds in furtherance of his deposition.[13]  Thus, plaintiff has not overcome the general rule that he must make himself available for examination in the district where he chose to bring suit.

---

[11] ECF No. 100 at 1.

[12] ECF No. 62-1 at 1.

[13] This conclusion further is supported by plaintiff's representations that, "even if I had enough money, I would not still have come in Kansas to be deposed, since I have my own depositions to take . . . and I would have spent that money for those depositions instead,"  ECF No. 1 at 1, and that "I could not spend my money to help Defendant to depose me in discovery,"  ECF No. 100-1 at 3.

Finally, the court notes it is mindful that plaintiff is proceeding in forma pauperis. Nothing in the in forma pauperis statute, 28 U.S.C. § 1915(a), requires the court or the opposing party to fund plaintiff's deposition expenses.[14]  Nevertheless, it's likely that, in many situations, an indigent plaintiff can make a "particular and specific demonstration of fact" that the burden of traveling for his or her deposition would be undue.[15]  Plaintiff here simply has not met that burden.

To the extent plaintiff is seeking to conduct the deposition by telephone, that request also is denied.   Defendant states he expects the deposition to be long and involve "numerous and lengthy exhibits."[16]  Defendant further explains he "wants the opportunity to observe Plaintiff's nonverbal responses and demeanor, particularly in light of the extensive damages sought in this case."[17] As the court recently recognized in *Dubuc v. Cox Commc'ns Kansas, L.L.C.,* where the witness to be deposed is the plaintiff in a suit seeking substantial damages, it is reasonable to give defendant "an opportunity to be 'up close and personal' when they assess what kind of witness [plaintiff] might make if this case ever gets to a jury."[18]

---

[14] *See Blackwell v. Houser*, No. 5:16-CV-67-FDW, 2017 WL 392184, at *3 (W.D.N.C. Jan. 27, 2017) (collecting cases).

[15] *But see Almonacid v. Cessna Aircraft Co.*, No. 11-1224-MLB, 2012 WL 1059681, at *1 (D. Kan. Mar. 28, 2012) (finding no "undue" burden on plaintiffs to travel from Chile, despite recognizing plaintiffs "are people of very limited means, and the cost of travel to Kansas for deposition is estimated to cost $2,000.00 each").

[16] ECF No. 113 at 4 n.5.

[17] *Id.*

[18] 2021 WL 4050855, at *2.  *See also Thompson v. Jiffy Lube Int'l, Inc.,* No. 05-1203-WEB, 2007 WL 608343, at *2 (D. Kan. Feb. 22, 2007) ("The ability to observe a

IT IS THEREFORE ORDERED that plaintiff's motion for protective order (ECF No. 100) is denied.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order.  A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated February 25, 2022, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

party as he or she answers deposition questions is an important aspect of discovery which the court will not modify except in cases of extreme hardship."); *Almonacid*, 2012 WL 1059681, at *1 ("The Court is doubtful that these critical depositions [of plaintiffs], which are central to the case, can be effectively and efficiently taken by video conference in light of the probable length of the depositions, the need for exhibits, and the burden of deposing Plaintiffs through a translator.").