UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,                           )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          Case No. 21-2224-DDC
                                        )
XAVIER BECERRA, in his capacity as      )
Secretary of Health and Human Services, )
                                        )
                    Defendant.          )

## ORDER

Plaintiff, Francis Yomi, proceeding pro se, brings this employment-discrimination case against his former employer, defendant Xavier Becerra in his capacity as Secretary of Health and Human Services.  Plaintiff has filed a "motion for extension" (ECF No. 118) seeking a 45-day postponement of his deposition, currently noticed for March 14, 2022,[1] as well as a 45-day extension of plaintiff's expert-disclosure deadline.  Both requests are premised on defendant's recently-obtained 45-day extension of time to respond to plaintiff's first request for production of documents.[2]  Defendant does not oppose the requested extension of plaintiff's expert-disclosure deadline, and the request is granted; specifically, plaintiff's expert-disclosure deadline is extended to April 11, 2022.  But because plaintiff has failed to demonstrate good cause to postpone his deposition, that request is denied.

---

[1] ECF No. 92.

[2] *See* ECF No. 116.

Although couched as a "motion for extension" of time, the court liberally construes plaintiff's request to postpone his deposition as a motion for protective order.[3] Fed. R. Civ. Pro. 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]"  The party seeking a protective order has the burden to show good cause for its entry.[4]  To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

If good cause is shown, the court has broad discretion to fashion a protective order governing discovery.  Under Rule 26(c)(1), this includes discretion to establish the time and place of the deposition.[6]  The Supreme Court has recognized that "[t]he trial court is in the best position to weigh the fairly competing needs and interests of the parties affected by discovery.  The unique character of the discovery process requires that the trial court

---

[3] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. … At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant") (citations omitted).

[4] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) (citing *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000)).

[5] *Univ. of Kan. Ctr. For Research, Inc. v. United States*, No. 08-2565, 2010 WL 571824, at *3 (D. Kan. Feb. 12, 2010) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[6] *Gipson v. Sw. Bell Tel. Co.,* No. 08-2017-KHV, 2008 WL 4499972, at *4 (D. Kan. Oct. 1, 2008) (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)).

have substantial latitude to fashion protective orders."[7]

As earlier indicated, plaintiff's request to postpone his deposition is premised on the court recently having granted defendant's motion for a 45-day extension of time, until April 8, 2022, to respond to plaintiff's first request for production of documents.[8]   Specifically, plaintiff argues his "discovery strategy … is to have [his] requested documents first, before being deposed," asserting he's "forgot[ten] a lot" since his termination, and the requested documents may "allow [him] to remember something."[9]   Plaintiff's stated "discovery strategy" notwithstanding, the court finds plaintiff has made no showing of annoyance, embarrassment, oppression, or undue burden or expense to warrant a protective order.  As defendant observes, nothing prevents plaintiff from answering that he doesn't know or remember the answer to a question, so long as the answer is made in good faith.  Defendant also points out that, despite plaintiff's claim to have forgotten much of what occurred, plaintiff has filed "a 43-page 'explanation of claims' complete with citations to [a 1084-page] Report of Investigation generated in the underlying EEOC proceeding."[10]

---

[7] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[8] The order granting defendant's motion for extension of time to respond to plaintiff's first request for production of documents (ECF No. 116) states the court's finding that defendant made a strong showing of good cause for the extended deadline.

[9] ECF No. 118 at 1–2.

[10] ECF No. 125 at 6.

In consideration of the foregoing, the court declines to halt discovery until defendant has responded to plaintiff's document requests.  To do so would invite further delays and motion practice in this already slow-moving case.

IT IS THEREFORE ORDERED that plaintiff's motion for extension (ECF No. 118) is granted in part and denied in part.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order.  A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

Dated February 28, 2022, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge