IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,

      **Plaintiff,**

v.

XAVIER BECERRA in his capacity as
Secretary of U.S. Department of
Health and Human Services,

      **Defendant.**

Case No. 21-2224-DDC-JPO

# MEMORANDUM AND ORDER

Plaintiff Francis Yomi, proceeding pro se,[1] sued Xavier Becerra, in his capacity as Secretary of the United States Department of Health and Human Services, for violating Title VII. Here, in this Order, the court rules five motions pending in the case:

- Doc. 87: Plaintiff's Motion for Review of the Protective Order (Doc. 77) issued by Magistrate Judge James P. O'Hara;

- Doc. 102: Plaintiff's Motion for Review of Judge O'Hara's Order (Doc. 96) authorizing release of plaintiff's personal health information and allowing *ex parte* interviews with plaintiff's healthcare providers;

- Doc. 108: Judge O'Hara's Report and Recommendation that the district court deny in part plaintiff's motion for leave to amend his complaint (Doc. 91);

---

[1] Plaintiff proceeds pro se, so the court construes his filings liberally and holds them "to a less stringent standard[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become plaintiff's advocate. *See id*. Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

- Doc. 114: Plaintiff's Motion for Review of Judge O'Hara's Order (Doc. 111) granting defendant's Motion for Extension of Deadlines (Doc. 106); and

- Doc. 119: Plaintiff's Motion for Review of Judge O'Hara's Order (Doc. 108) denying plaintiff's attempt to file a supplement (Doc. 98) to his claims and Objection to Judge O'Hara's Report and Recommendation (Doc. 108).

The court begins with plaintiff's motions for review, and denies all four. Then, the court turns to—and ultimately adopts—Judge O'Hara's Report and Recommendation in Doc. 108.

I.  **Motions for Review**

   A.  **Legal Standard**

Fed. R. Civ. P. 72(a) permits a party to present specific, written objections to a magistrate judge's order. When reviewing a magistrate judge's order deciding nondispositive pretrial matters, the district court applies a "'clearly erroneous or contrary to law'" standard of review. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this clearly erroneous standard, the district court does not conduct a de novo review of factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted). In contrast, "the contrary to law" standard permits the district court to conduct an independent review of purely legal determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of*

*Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citation omitted).

  **B.** **Doc. 87**

  Plaintiff's first Motion for Review (Doc. 87) takes issue with Judge O'Hara's Protective Order (Doc. 77). In a nutshell, plaintiff argues defendant failed to confer with him in good faith about a protective order, so Judge O'Hara erred in granting defendant's motion for a protective order.

  On December 3, 2021, Judge O'Hara conducted a scheduling conference and then entered a Scheduling Order (Doc. 44). The Scheduling Order gave the parties until December 17, 2021, to file a jointly proposed protective order. Defendant filed its Motion for Protective Order (Doc. 50) on December 10, 2021. Plaintiff opposed defendant's Motion for Protective Order, arguing defendant did not properly confer with him about the order. *See* Doc. 58. Judge O'Hara granted defendant's motion (Doc. 74) and entered a Protective Order (Doc. 77) on January 4, 2022.

  When he granted defendant's motion for a protective order, Judge O'Hara found that the parties had fulfilled the requirement to meet and confer about the protective order. Doc. 74 at 1 n.1. In his Motion for Review, plaintiff argues defendant failed to confer with him in good faith because defendant filed its Motion for Protective Order before the December 17 deadline arrived. *See* Doc. 87 at 1–2. And, plaintiff alleges that defendant failed to communicate with him between December 3 (the date of the scheduling conference) and December 10 (when defendant filed his motion). *See id.* So, plaintiff argues, Judge O'Hara erred when he concluded the parties had met and conferred, granted defendant's motion, and entered the Protective Order. This

determination is a factual finding that the district court reviews under the "clearly erroneous" standard.

Under our local rules, parties must confer about discovery disputes. D. Kan. Rule 37.2 (requiring parties to make a "reasonable effort to confer"). Judge O'Hara "reviewed the record" and found "the meet-and-confer requirement of D. Kan. Rule 37.2 satisfied[.]" Doc. 74 at 1 n.1. Judge O'Hara cited exhibits (Docs. 68-1 and 68-2) for his conclusion—specifically, e-mails exchanged by the parties conferring about a protective order. Given these exhibits and Judge O'Hara's findings based on these exhibits, the court cannot find clear error. Indeed, the court notes, in one of the cited e-mails, plaintiff wrote that "it is worthless" for him even to read defendant's proposed protective order. Doc. 68-1 at 3.

Judge O'Hara correctly determined that defendant satisfied the meet-and-confer requirement of D. Kan. Rule 37.2. The court thus denies plaintiff's Motion for Review (Doc. 87).

### C.   Doc. 102

Plaintiff filed a second Motion for Review (Doc. 102), arguing Judge O'Hara erred in his Order (Doc. 96) granting defendant's "Motion for Order for Release of Protected Health Information and Allowing *Ex Parte* Interviews With Treating Physicians and Other Health Care Providers" (Doc. 75). Plaintiff argues defendant's motion is "a duplicative request for documents" and Judge O'Hara erred by granting the motion. Doc. 102 at 2.

Plaintiff's lawsuit puts his medical condition at issue. Judge O'Hara's Order authorizes plaintiff's healthcare providers to disclose plaintiff's medical information in compliance with the Health Insurance Portability and Accountability Act of 1996. Doc. 96 at 2. Judge O'Hara concluded defendant was "entitled to the protected health information sought given the broad

nature of plaintiff's damages claims." *Id.* at 3.  This is best characterized as a legal conclusion that the district court reviews under the "contrary to law" standard.

Plaintiff argues that it isn't necessary for plaintiff's healthcare providers to disclose documents because plaintiff himself is providing the relevant information in response to defendant's document requests.  But defendant is entitled to seek records from independent sources.  This kind of discovery is routine; our court regularly authorizes healthcare providers to disclose a party's personal health information.  *See Warner v. Sherry Floyd, P.A.*, No. 16-4143-SAC, 2017 WL 2901188, at *1 (D. Kan. Apr. 19, 2017) (collecting cases).  Like Judge O'Hara, the court "is unpersuaded that plaintiff's production of certain medical records in support of his claims renders an order authorizing disclosure of health information by third parties duplicative or unnecessary."  Doc. 96 at 3.  Judge O'Hara's legal conclusion was not contrary to law and the court thus denies plaintiff's second Motion for Review (Doc. 102).

> **D.  Doc. 114**

Plaintiff's third Motion for Review (Doc. 114) asks the court to review Judge O'Hara's Order (Doc. 111) granting defendant's "Motion for Extension of Deadlines" (Doc. 106).  The Order amended the Scheduling Order's (Doc. 44) deadline for conducting a mental or physical examination and the deadline for defendant to disclose expert witnesses.  Judge O'Hara found good cause to amend the Scheduling Order because defendant "has been unable to obtain plaintiff's medical records, despite its due diligence."  Doc. 111 at 2.  This is a factual finding the court must affirm unless it concludes Judge O'Hara clearly erred.

Plaintiff argues Judge O'Hara clearly erred because the Order extended defendant's deadline to disclose expert witnesses but did not extend *his* deadline to disclose expert witnesses.

5

But plaintiff never asked the court to extend his deadline to disclose expert witness.[2] Our court does not serve as plaintiff's advocate, *Hall*, 935 F.2d at 1110, so it won't make requests on a party's behalf.

Plaintiff also argues that Judge O'Hara's Order overlooked the negative way the extension will affect him. But, as Judge O'Hara explained, plaintiff's litigation strategy is partially to blame for defendant's need for an extension. Judge O'Hara granted defendant's request to interview and seek plaintiff's medical records from plaintiff's healthcare providers (Doc. 96), but plaintiff filed a motion seeking review of that Order (Doc. 102). Given this motion for review, Judge O'Hara correctly concluded that "it is unlikely that defendant will be in possession of plaintiff's records in time to comply with the current deadlines[.]" Doc. 111 at 3. So, Judge O'Hara properly found good cause for the extension of time.

Last, plaintiff takes issue with defendant's litigation strategy seeking a Fed. R. Civ. P. 35 medical examination. Doc. 114 at 2 ("Defendant should have first filed the early motion on Rule 35-medical examination, so that the Court would have first ruled on it, before filing this motion [for an extension of time]."). But the (now extended) deadline for the examination hasn't passed and neither party has filed a Rule 35 motion. The Scheduling Order plainly provides that if "the parties disagree about the need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline[.]" Doc. 44 at 7. If plaintiff takes issue with a defendant's motion for a Rule 35 examination, he is free to oppose the motion. But preemptive

---

[2]   In his Motion for Review, plaintiff asks this court to extend his deadline to disclose expert witnesses. But, as Judge O'Hara pointed out, a "party seeking to extend a scheduling-order deadline must establish good cause by proving that despite due diligence it cannot meet the deadline." Doc. 111 at 2 (citing *Manuel v. Wichita Hotel Partners, LLC*, No. 09-1244-WEB-KGG, 2010 WL 3861278, at *1–2 (D. Kan. Sept. 20, 2010) (further citation omitted)). So, even if the court liberally construed plaintiff's Motion for Review (Doc. 114) as a motion for an extension of time, the motion fails because plaintiff hasn't made the requisite showing.

arguments about Rule 35 don't provide any reason to deny a routine motion for extension of time.

The court concludes Judge O'Hara did not clearly err in finding good cause to extend the Scheduling Order's deadlines. The court thus denies plaintiff's Motion for Review (Doc. 114).

**E.     Doc. 119**

Plaintiff's fourth Motion for Review (Doc. 119) asks the court to review Judge O'Hara's February 4, 2022 Order (Doc. 108).[3] Plaintiff argues that Judge O'Hara clearly erred when he explained that plaintiff's Second Amended Complaint could not include a 42-page supplement.

On January 20, 2022, plaintiff filed a motion for leave to file his second amended complaint (Doc. 91). He asked to amend his "request for relief[.]" Doc. 91 at 1. Specifically, plaintiff sought to add: (1) a request for punitive damages and (2) a court directive that defendant send an e-mail to all of its employees about plaintiff's lawsuit. Doc. 91-1 at 5. Then, on January 28, 2022, plaintiff filed a Supplement (Doc. 98) to his January 20 motion for leave to amend. The supplement is a 42-page "Explanation of Claims." *See* Doc. 98. In their briefing, the parties debated whether plaintiff's proposed amended complaint (which sought to modify plaintiff's request for relief) included the supplement (which focused on plaintiff's claims). Judge O'Hara noted that plaintiff's "motion for leave to amend does not request leave to modify the claims portion of his amended complaint." Doc. 108 at 3. So, Judge O'Hara concluded that

---

[3]     Plaintiff's Motion for Review argues Judge O'Hara erred twice in his February 4, 2022 Order and Report and Recommendation (Doc. 108). First, plaintiff argues Judge O'Hara should have allowed him to amend his claims with a supplement (Doc. 98). Second, he argues Judge O'Hara clearly erred when he recommended that the district court deny plaintiff's motion to add a prayer for punitive damages. The court construes the second part of this motion—addressing punitive damages—as an objection to Judge O'Hara's Report and Recommendation. So, the court considers plaintiff's argument about punitive damages in its discussion about Judge O'Hara's Report and Recommendation.

7

"plaintiff has not sought leave, and is not granted leave, to amend the claims portion of his amended complaint with [the] supplement." *Id.*

Plaintiff asks the court to review Judge O'Hara's conclusion. He argues that he previously introduced the 42-page supplement in an attachment when he filed his lawsuit. Doc. 119 at 2 ("[T]hose 42 page-supplemental documents were already existing in this lawsuit, since May 17, 2021 (ECF 1) and Judge O'Hara, nor Defendant, did not object[.]"). But that's not right—plaintiff's attachment to his initial complaint (Doc. 1-1) is a completely different document from plaintiff's supplement (Doc. 98). Plaintiff also argues the supplement does not attempt to modify his claims. Doc. 119 at 4 ("[T]his 42 page[] document is not a new amendment of claims, [but] an explanation of my claims[.]") But the supplement adds factual allegations about plaintiff's claims, so it modifies the claims. And plaintiff didn't include the supplement in his motion for leave to amend. *See* Doc. 91.

Judge O'Hara's conclusion was not clearly erroneous or contrary to law. Judge O'Hara correctly applied the relevant law when he determined plaintiff could not amend the claims portion of his amended complaint with the supplement. Doc. 108 at 3. Plaintiff must comply with the court's rules. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citation and internal quotation marks omitted)). The court thus denies plaintiff's fourth Motion for Review (Doc. 119).

## II.     Report and Recommendation

Judge O'Hara's Report and Recommendation (Doc. 108) recommends that the district court deny the portion of plaintiff's Motion For Leave to File Second Amended Complaint (Doc.

91) requesting punitive damages.  For reasons explained below, the court adopts Judge O'Hara's recommendation and overrules plaintiff's Objection.[4]

Plaintiff filed a motion requesting leave to file a second amended complaint (Doc. 91). Plaintiff sought to add two forms of relief to his lawsuit:  (1) punitive damages and (2) a requirement that defendant e-mail its employees with details of plaintiff's lawsuit.  Doc. 91-1 at 6.  Judge O'Hara issued a corresponding Order and Report and Recommendation (Doc. 108) Judge O'Hara's Order granted plaintiff leave to file a second amended complaint that includes the e-mail requirement in the prayer for relief.  The court now turns to Judge O'Hara's Report and Recommendation recommending that the district court deny plaintiff's proposed punitive damages demand.

Judge O'Hara's recommended against plaintiff adding this demand.  Doc. 108 at 3–5.  In Judge O'Hara's view, plaintiff's motion for leave to amend does not satisfy the factors courts consider when determining whether to grant leave to amend a pleading under Fed. R. Civ. P. 15(a)(2) because the new relief plaintiff seeks to add is futile.  *Id.* at 4–5.  Judge O'Hara explains that, under "42 U.S.C § 1981a(b)(1), punitive damages may not be awarded against the federal government or one of its agencies for violations of Title VII."  *Id.* at 4.

As discussed, the court construes a portion of Doc. 119 as an Objection to Judge O'Hara's Report and Recommendation.  When a party files an objection to a magistrate's report, the court applies de novo review.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Plaintiff seeks to add "[p]unitive damages of $250 million" to his requests for relief.  Doc. 91-1 at 6.  And plaintiff's Objection argues that it's too early for the court to determine whether

---

[4]    As already explained, *supra* note 3, the court construes a portion of plaintiff's fourth Motion to Review (Doc. 119) as an Objection to Judge O'Hara's Report and Recommendation.

punitive damages are available. Doc. 119 at 5–6 ("[I]f I win at least one claim, then the parties and the Court would discuss about punitive damages[.]").

The court concludes that plaintiff's proposed addition of punitive damages is, as Judge O'Hara recommended, futile. Title VII explicitly prohibits recovery of punitive damages from the government. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recovery punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*)[.]" (emphasis added)). So, granting plaintiff leave for this amendment merely would allow him to demand something the law forbids him from recovering. This is a textbook example of futility, and the court need not grant leave to amend if the amendment would prove futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Beth v. Espy*, 854 F. Supp. 735, 737 (D. Kan. 1994) (denying plaintiff leave to amend complaint to add punitive damages in Title VII case against Department of Agriculture "because such amendment would be futile").

After reviewing the Report and Recommendation, the court concludes that plaintiff's motion for leave to amend fails to satisfy Fed. R. Civ. P. 15(a)'s standard for amendment. The court thus adopts Judge O'Hara's recommendation that the district court deny in part plaintiff's motion to amend (Doc. 91).

**III.    Conclusion**

As explained above, the court denies plaintiff's four motions for review. The parties are engaged in routine discovery and Judge O'Hara has meticulously managed their discovery efforts. And so, the court accepts, adopts, and affirms Judge O'Hara's Report and Recommendation.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Francis Yomi's Motion for Review (Doc. 87) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Review (Doc. 102) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation issued by United States Magistrate Judge James P. O'Hara on February 4, 2022 (Doc. 108) is accepted, adopted, and affirmed.

**IT IS FURTHER ORDERED** that the portion of plaintiff's Notice for Leave to Amend (Doc. 91) that seeks leave to add a prayer for punitive damages is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Review (Doc. 114) is denied and the Objection it contains is overruled.

**AND IT IS FURTHER ORDERED** that plaintiff's Motion for Review (Doc. 119) is denied.

**IT IS SO ORDERED.**

Dated this 1st day of March, 2022, at Kansas City, Kansas.

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**