IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANCIS YOMI,**

    **Plaintiff,**

v.

**XAVIER BECERRA in his capacity as Secretary of U.S. Department of Health and Human Services,**

    **Defendant.**

Case No. 21-2224-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff Francis Yomi, proceeding pro se,[1] sued Xavier Becerra, in his capacity as Secretary of the United States Department of Health and Human Services, for violating Title VII.

In this Order, the court rules three motions pending in the case:

- Doc. 137: Plaintiff's Motion for Reconsideration of the district court's Memorandum and Order (Doc. 131);

- Doc. 142: Plaintiff's Motion for Review of Magistrate Judge James P. O'Hara's Order (Doc. 128) denying plaintiff's motion for a protective order setting the location of plaintiff's deposition within 50 miles of plaintiff's residency or workplace in Maryland;

- Doc. 143: Plaintiff's Motion for Review of Judge O'Hara's Order (Doc. 130) denying plaintiff's request to postpone his deposition by 45 days.

The court denies all three motions, as explained below.

---

[1] Plaintiff proceeds pro se, so the court construes his filings liberally and holds them "to a less stringent standard[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become plaintiff's advocate. *See id.* Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

I.      **Motion to Reconsider**

Plaintiff asks the court to reconsider its March 1, 2022, Memorandum and Order (Doc. 131).[2] A "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b) (reciting the standard governing motions to reconsider non-dispositive orders); *see also* D. Kan. Rule 7.3(a) (instructing that motions to reconsider dispositive motions are governed by Fed. R. Civ. P. 59(e) or 60); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing these same three grounds for a Rule 59(e) motion).

Plaintiff's motion to reconsider asserts that the court clearly erred in its March 1, 2022 Memorandum and Order (Doc. 131). But this motion merely reiterates arguments plaintiff already made. For example, plaintiff repeats his argument that the court improperly allowed defendant to seek medical records from both plaintiff himself and his medical providers even though the court repeatedly has explained that this kind of request is proper. Repeating arguments isn't appropriate on a motion to reconsider. *See Servants of the Paraclete*, 204 F.3d at 1012 (explaining that motions for reconsideration "are inappropriate vehicles to reargue an issue

---

[2]     That Memorandum and Order did seven things: (1) denied plaintiff's Motion for Review (Doc. 87) of the Protective Order (Doc. 77) issued by Judge O'Hara; (2) denied plaintiff's Motion for Review (Doc. 102) of Judge O'Hara's Order (Doc. 96) authorizing release of plaintiff's personal health information and allowing ex parte interviews with plaintiff's healthcare providers; (3) accepted, adopted, and affirmed Judge O'Hara's Report and Recommendation (Doc. 108) that the district court deny in part plaintiff's motion for leave to amend his complaint (Doc. 91); (4) denied the portion of plaintiff's Notice for Leave to Amend (Doc. 91) that sought leave to add a prayer for punitive damages; (5) denied plaintiff's Motion for Review (Doc. 114) of Judge O'Hara's Order (Doc. 111) granting defendant's Motion for Extension of Deadlines (Doc. 106); (6) denied plaintiff's Motion for Review (Doc. 119) of Judge O'Hara's Order (Doc. 108) denying plaintiff's attempt to file a supplement (Doc. 98) to his claims; and (7) overruled plaintiff's Objection (Doc. 119) to Judge O'Hara's Report and Recommendation (Doc. 108).

previously addressed by the court"). Plaintiff fails to identify a need to correct error. Thus, the court denies plaintiff's Motion for Reconsideration (Doc. 137).[3]

**II.     Motions for Review**

Fed. R. Civ. P. 72(a) permits a party to present specific, written objections to a magistrate judge's order. When reviewing a magistrate judge's order deciding nondispositive pretrial matters, the district court applies a "'clearly erroneous or contrary to law'" standard of review. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this clearly erroneous standard, the district court does not conduct a de novo review of factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted). In contrast, the "contrary to law" standard permits a district court to conduct an independent review of purely legal determinations made by a magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of*

---

[3]     Plaintiff's motion to reconsider asks for two forms of relief. Both exceed the scope of a motion to reconsider.

*First,* plaintiff asks the court "to have [him] sign the release form of [his] medical records only from retired Doctor Norton in Overland Park, Kansas[.]" Doc. 137 at 3. Plaintiff says this is "a courtesy way to help Defendant[.]" *Id.* at 2. Plaintiff doesn't cite any authority for this request. And it's certainly not relief within the scope of a motion for reconsideration. It's not clear what is stopping plaintiff from signing a release form for his own medical records. The court denies this request.

*Second*, plaintiff asks the court to "specify to the parties that [his] 43 page-explanation of claims seen in Doc. 1-1 is the one that stays in [his] Complaint[.]" *Id.* at 4. The court declines this invitation to issue an advisory opinion on a controversy not currently before the court.

*Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citation omitted).

Plaintiff's first Motion for Review (Doc. 142) argues that Judge O'Hara clearly erred when he denied plaintiff's request for a protective order[4] setting plaintiff's deposition within 50 miles of his place of residency or workplace in Maryland. Doc. 128. Judge O'Hara denied this request because he determined that plaintiff had failed to demonstrate good cause. Specifically, Judge O'Hara noted the general rule that plaintiff must make himself available for deposition in the forum where he filed suit. And Judge O'Hara concluded that plaintiff's general statements about undue burden and expense failed to overcome this general rule. This is a nondispositive factual finding, so the court applies the clearly erroneous or contrary to law standard of review.

The court, having reviewed Judge O'Hara's order, finds nothing clearly erroneous or contrary to the governing law. Judge O'Hara correctly noted that plaintiff's request lacked an affidavit and provided no specific, supporting information about travel expenses. So, the court denies plaintiff's Motion for Review (Doc. 142).

Plaintiff's second Motion for Review (Doc. 143) argues that Judge O'Hara clearly erred when he denied plaintiff's request to postpone his deposition. Doc. 130. Judge O'Hara denied this request because, again, he determined that plaintiff had failed to demonstrate good cause. Specifically, Judge O'Hara concluded that plaintiff "made no showing of annoyance, embarrassment, oppression, or undue burden or expense[.]" *Id.* at 3. So, Judge O'Hara declined to issue a protective order that specified the time of plaintiff's deposition. This is a

---

[4]  Plaintiff argues in his motion for review that Judge O'Hara erred in construing plaintiff's "Motion to have deposition of a party taken within 50 miles of deponent (person who is deposed)'s residence or workplace" as a motion for a protective order. Plaintiff is wrong. Judge O'Hara was correct. A protective order under Fed. R. Civ. P. 26(c)(1) is a proper (and liberal) characterization of plaintiff's motion because it sought relief from defendant's discovery request.

4

nondispositive factual finding, so the court applies a clearly erroneous or contrary to law standard of review.

The court concludes that Judge O'Hara's Order is neither clearly erroneous nor contrary to law. Judge O'Hara reviewed plaintiff's request to postpone his deposition, where plaintiff explained that he wants defendant to respond to his first document production request before his deposition. Judge O'Hara applied the correct law and reasonably concluded that this isn't good cause. The court lacks "the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (citation and internal quotation marks omitted). Thus, the court denies plaintiff's Motion for Review (Doc. 143).

### III. Conclusion

As explained above, the court denies plaintiff's motion to reconsider and his two motions for review.

Outside of plaintiff's motions, the court must address a separate request from the defendant. Defendant calls plaintiff's use of motions to reconsider and motions to review in this case "improper." Doc. 146 at 6. He points out that plaintiff has filed eight motions for review and three motions for reconsideration in the short life of this case. Defendant asks the court "to restrict Plaintiff's use of motions for review and motions for reconsideration" and proposes specific restrictions. *Id.*

"'Improper use of motions to reconsider can waste judicial resources and obstruct the efficient administration of justice.'" *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, No. 15-CV-04958-DDC-KGS, 2017 WL 86190, at *5 (D. Kan. Jan. 10, 2017) (quotation cleaned up) (quoting *Edwards v. U.S. Office of Pers. Mgmt.*, No. 07-2550-KHV-DJW, 2008 WL 4381978, at *3 (D. Kan. Sept. 26, 2008)). Indeed, plaintiff has turned this case into a something of a hydra:

every time the court rules a motion, three more appear in its place. Plaintiff's motions make repetitive argument under the guise of "clear error" that, at best, border on frivolous.

Nonetheless, at this point, the court denies defendant's request for restrictions on plaintiff's filing of motions. But the court warns plaintiff. His litigation strategy, if it continues, may warrant some kind of filing restrictions or perhaps sanctions.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Francis Yomi's Motion for Reconsideration (Doc. 137) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Review (Doc. 142) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Review (Doc. 143) is denied.

**IT IS SO ORDERED.**

Dated this 13th day of April, 2022, at Kansas City, Kansas.

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**