IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANCIS YOMI,<br><br>    Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA, in his capacity as Secretary of Health and Human Services,<br><br>    Defendant. | Case No. 21-2224-DDC-ADM |

**MEMORANDUM AND ORDER**

Pro se plaintiff Francis Yomi ("Yomi") brings this employment-discrimination case against defendant Xavier Becerra ("Becerra") in Becerra's capacity as Secretary of Health and Human Services. This matter is before the court on Yomi's Motion to Quash Defendant's Notice of Deposition of Third Party Dr. Ojo. (ECF 187.) By way of the motion, Yomi asks the court to "quash" the deposition of non-party Babatunde Ojo ("Ojo"). For the reasons discussed below, the motion is denied.

Yomi asks the court to stop Ojo's deposition because Becerra failed to provide Yomi sufficient notice of the deposition. It appears Yomi is relying on the notice requirement of Federal Rule of Civil Procedure 30(b)(1).[1] Rule 30(b)(1) requires a party "who wants to depose a person by oral questions" to "give reasonable written notice to every other party . . . stat[ing] the time and place of the deposition." Yomi complains that the notice Becerra provided (1) was not "reasonable" in that it was not provided 14 days before the deposition, and (2) did not state the

---

[1] Yomi references the notice requirement of Federal Rule of Civil Procedure 31(c)(2), but that provision applies to depositions taken by written questions and is not applicable here.

place of the deposition. The court denies Yomi's request because it is based on a misinterpretation of the facts. Although Becerra's counsel did send an informal email to Yomi to request his availability to attend Ojo's deposition, Becerra has not yet provided (or attempted to provide) the written notice required by Rule 30(b)(1).

On April 19, 2022, Becerra's counsel emailed Yomi in an attempt to schedule Ojo's deposition. (ECF 201-1.) The email noted Ojo was available for a deposition on April 29, and asked Yomi to "[p]lease let me know your availability as soon as possible so that I can make the proper arrangements." (*Id.*) Such scheduling consultation is required by the District of Kansas Deposition Guidelines. *See* https://ksd.uscourts.gov/index.php/deposition-guidelines/. The court does not construe the email as a Rule 30(b)(1) notice. If and when Becerra does provide such a notice, that notice does not need to be given 14 days before the deposition (as Yomi asserts). Rather, notice only needs to be given seven days before the deposition. *See* D. KAN. RULE 30.1 ("The reasonable notice provided by FED. R. CIV. P. 30(b)(1) for the taking of depositions is seven days.").

Although Yomi's motion is denied because it is premised on an event that has not yet happened, the court makes two additional comments on issues raised in the motion. First, Yomi asserts Ojo can provide no information relevant to this case. The relevance of Ojo's potential testimony is discussed in the court's May 27 Memorandum and Order, which will govern this issue. (ECF 211, at 8.) Second, Yomi says that he has told Becerra's counsel that he will move to quash any deposition subpoena served on Ojo. Should any such motion come to fruition, Federal Rule of Civil Procedure 45(d)(3) requires that it be filed in "the court for the district where compliance is required," which presumably would not be this court as it appears the parties have been discussing deposing Ojo in Arizona, where he resides. (*See* ECF 187-1, at 1.)

3

**IT IS THEREFORE ORDERED** that Yomi's Motion to Quash Defendant's Notice of Deposition of Third Party Dr. Ojo (ECF 187) is denied.

Dated June 6, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge
