IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCIS YOMI,

        **Plaintiff,**

v.

XAVIER BECERRA in his capacity as
Secretary of U.S. Department of
Health and Human Services,

        **Defendant.**

Case No. 21-2224-DDC-ADM

### MEMORANDUM AND ORDER

Plaintiff Francis Yomi, proceeding pro se,[1] sued Xavier Becerra, in his capacity as Secretary of the United States Department of Health and Human Services, for violating Title VII. Plaintiff has filed a Motion for Recusal (Doc. 199) asking the undersigned judge to recuse under 28 U.S.C. § 455. Under § 455, a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party[.]" 28 U.S.C. § 455(a) & (b)(1).

Plaintiff asserts that I am biased towards the defendant and submits the court's rulings against him as evidence of this bias. Indeed, his motion includes an attachment that relitigates the court's prior "Wrongful rulings." *See* Doc. 200-1. Plaintiff also argues that the court's prior warning—that his litigation strategy may warrant future filing restrictions or sanctions—is

---

[1] Plaintiff proceeds pro se, so the court construes his filings liberally and holds them "to a less stringent standard[.]" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become plaintiff's advocate. *See id*. Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

evidence of my bias. Doc. 178 at 6. He calls the court's warning "terrifying." Doc. 200 at 6. The court rejects plaintiff's arguments for two reasons.

*First*, adverse rulings provide no reason for recusal. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (stating that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification'" (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992))); s*ee also Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (holding district court did not abuse discretion in refusing to recuse because the record was clear that the "recusal motions in fact [were] simply an avenue to attack adverse rulings made in a case pending" before the district court). Plaintiff is entitled to hold his opinion about the court's prior rulings against him. But those rulings, without more, provide no reason for me to recuse.

*Second*, plaintiff has no reason to fear the court's warning about future sanctions if he files proper motions to reconsider and motions to review. The court hasn't ordered any sanctions. And the court's Order warned plaintiff only about *improper* motion practice. Doc. 178 at 5–6. Like any other litigant, he remains free to file non-frivolous motions.

Plaintiff's Motion for Recusal makes one other request. He asks that the court, if I refuse to recuse, "forward[] this motion . . . to the appropriate Appellate Court or Agency or Responsible Organization or Agency, that has the authority of reviewing motion for recusal or for substation of Federal District Judge[.]" Doc. 199 at 1. But the court cannot serve as plaintiff's advocate. *Hall*, 935 F.2d at 1110. The court thus declines to file any appeals on plaintiff's behalf.

In sum, plaintiff's motion provides no reason that I must recuse from this case under 28 U.S.C. § 455.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff Francis Yomi's Motion for Recusal (Doc. 199) is denied.

**IT IS SO ORDERED.**

**Dated this 14th day of June, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**