IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRANCIS YOMI,<br><br>    Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA, in his capacity as Secretary of Health and Human Services,<br><br>    Defendant. | Case No. 21-2224-DDC-ADM |

## ORDER

This matter comes before the court on plaintiff Francis Yomi's ("Yomi") Renewed Motion to Stay. (ECF 223.) By way of this motion, Yomi asks the court to "stay everything he was supposed to submit to this Court from 5/17/2022, the day he got into a car accident." (*Id.*) For the reasons explained below, Yomi's motion is denied.

By way of background, Yomi notified the court on May 18 that he was injured in a car accident the day before and requested that the court stay his briefing deadlines for pending motions. Although Yomi had made no formal motion, the court recognized the informal request and extended Yomi's most immediate deadline, which was for a reply in support of a motion to compel. (ECF 209, at 1.) But the court stated that it would "not consider an indefinite stay without a formal motion." (*Id.*) The court directed that any such motion "must be accompanied by evidence that supports the specific relief [Yomi] seeks." (*Id.*) Specifically, if Yomi chose to support his motion with medical paperwork, that paperwork "must include letter(s) by one or more of his treating physicians that provides sufficient detail to explain the *specific limitations* that prevent Yomi from fully participating in this lawsuit and the *anticipated duration* (to the extent it can be estimated) of any such limitations." (*Id.* (emphasis added).)

On June 10, Yomi filed a "motion to stay of at least ninety days from today everything he had to submit since 5/17/2022." (ECF 215.) In support, Yomi submitted medical records that supported the court's previous order extending Yomi's most immediate deadline by two weeks, but not any other deadlines. (ECF 219.) Furthermore, Yomi did not submit the required letter(s) from one or more of his treating physicians explaining any physical limitations that would prevent him from fully participating in this lawsuit and the anticipated duration of any such limitations. The court concluded as follows:

> this court is not inclined to grant a lengthy extension of case-management deadlines, particularly given Yomi's history of unnecessarily protracting and over-litigating this case with unmeritorious motions and serial objections to complying with the Federal Rules of Procedure and this court's orders. Given this, the court reiterates that, to the extent Yomi elects to file a renewed motion, he must submit letter(s) from one or more of his treating physicians explaining any physical limitations that prevent him from fully participating in this lawsuit and the anticipated duration of any such limitations.

(*Id.*)

Yomi's current motion now includes a letter from one of his treating physicians. (ECF 223-3.) But the information provided in this letter does not warrant extending any litigation deadlines. The letter states that Yomi's injuries will take at least 6 months to heal and that, during his recovery, he is restricted from the following: (1) pushing or pulling more than 5 pounds, and (2) standing or walking more than 30 minutes. But these are not the types of restrictions that would prevent Yomi from participating in this lawsuit. Yomi also claims that typing causes him pain, that walking to the library or FedEx for activities related to this lawsuit makes the pain worse, and that physical therapy will consume a lot of his time. (ECF 223, at 5.) But Yomi's lengthy and voluminous filings since the accident belie that he is impaired from being able to participate in this lawsuit. To the contrary, Yomi filed 6 pages of single-spaced objections to Defendant's Fifth

Amended Notice to Take Depositions (ECF 208); a 3-page, single-spaced motion to stay with exhibits (ECF 215); and the current 6-page, single-spaced renewed motion to stay (ECF 223). And this does not even account for the lengthy emails that Yomi routinely sends to the undersigned magistrate judge's chambers and opposing counsel that are not currently in the public record. In sum, based on the record, the court is persuaded that, to the extent that Yomi may have some lingering soreness from the accident, it is not of such a nature or severity that he cannot participate in this lawsuit. Furthermore, his continued insistence on the same—including the tone of his current motion—is driven more by his intransigence toward complying with his discovery obligations in this lawsuit. The court is therefore dutybound to move this case forward to further the "just, speedy, and inexpensive" determination of this action. *See* FED. R. CIV. P. 1.

**IT IS THEREFORE ORDERED** that Yomi's Renewed Motion to Stay (ECF 223) is denied.

Dated July 12, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge