IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FRANCIS YOMI,** | |
| **Plaintiff,** | |
| v. | Case No. 21-2224-DDC-ADM |
| **XAVIER BECERRA, in his capacity as Secretary of Health and Human Services,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

In May of 2021, pro se plaintiff Francis Yomi sued Xavier Becerra in his capacity as Secretary of the United States Department of Health and Human Services. In his Complaint, plaintiff asserts claims for hostile work environment, discrimination based on race and national origin, and retaliation, all relying on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. Doc. 1. Now, a year-and-a-half later, the discovery process barely has begun. This case's extensive and convoluted docket explains why. It captures plaintiff's consistent and determined effort to forestall even the most basic discovery. As a consequence, it provides important context for the issue decided in this Memorandum and Order.

Four pertinent events bring the case to its current increment. *First*, defendant filed a Motion for Discovery Sanctions against plaintiff (Doc. 221) under Fed. R. Civ. P. 41(b), 37(b)(2)(A)(v), and 37(d)(1)(A)(i). This motion asserts that plaintiff has failed to provide responses to discovery requests and refuses to appear for his deposition. *Second*, United States Magistrate Judge Angel D. Mitchell issued a Report and Recommendation (Doc. 242), recommending that the court grant defendant's motion and dismiss this case with prejudice.

*Third*, plaintiff filed a separate Motion for Review (Doc. 229). It asks the court to review Judge Mitchell's Order (Doc. 225) denying plaintiff's Motion to Stay Deadlines (Doc. 223). And *fourth*, plaintiff filed another Motion for Review (Doc. 246) of a separate Order (Doc. 241) granting defendant's Motion to Strike (Doc. 239) plaintiff's Surreply (Doc. 238). For reasons explained below, the court adopts the reasoning of Judge Mitchell's Report and Recommendation. It thus grants defendant's Motion for Discovery Sanctions and dismisses plaintiff's case as a sanction for his repeated obstructionist conduct. This ruling nullifies the need to address the other motions, rendering them moot.

## I.  Background

On August 4, 2022, Judge Mitchell issued a Report and Recommendation recommending dismissal of plaintiff's Complaint under Fed. R. Civ. P. 41(b), 37(b)(2)(A)(v), and 37(d)(1)(A)(i). Doc. 242 at 18. Judge Mitchell explained to plaintiff that he could serve and file specific written objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4. *Id.* Plaintiff filed an Objection to Judge Mitchell's Report and Recommendation. Doc. 250. Defendant filed a Response, Doc. 252, and plaintiff then filed a Reply, Doc. 255.

## II.  Legal Standard

When a magistrate judge enters an Order recommending a disposition, Fed. R. Civ. P. 72(b)(2) provides that a party may serve and file specific, written objections to the magistrate judge's order "within 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(3) mandates that the district court then "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made."). When the district court makes this determination, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that parties bring "both timely and specific" objections to a magistrate judge's recommended disposition "to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Here, there's no dispute about timelines. Plaintiff filed his Objection within 14 days after service of the Order containing the recommended disposition. *See* Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute[.]" *One Parcel*, 73 F.3d at 1060. If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Because plaintiff brings this lawsuit pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (applying the standard of liberally construing pleadings "to all proceedings involving a pro se litigant"). Under this standard, if the court reasonably can read the arguments of a pro se party to present a valid legal argument on which he could prevail, "it should do so despite the [party's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with" legal proceedings. *Id.* at 1110. But the court can't assume the role of advocate for the pro se party. *Id.* Also, a party's pro se status does not excuse him from "the burden of alleging sufficient facts on which" he may base a recognized legal claim. *Id.* Nor is

3

he relieved from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

**III.    Analysis**

Liberally construing plaintiff's Objection, the court agrees with Judge Mitchell's conclusion. Plaintiff's repeated refusal to participate in the discovery process merits a dispositive sanction under the Federal Rules of Civil Procedure. Judge Mitchell's well-reasoned analysis properly applies the factors outlined in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), concluding that they heavily favor granting defendant's motion and dismissing this case with prejudice. After conducting a de novo review of Judge Mitchell's Report and Recommendation—*see* section A, below—the court, in sum, agrees with all of Judge Mitchell's Order. It thus accepts, adopts, and affirms her Report and Recommendation in its entirety.

While adopting Judge Mitchell's Report and Recommendation in its entirety could suffice, the court nonetheless addresses several of plaintiff's objections to her Order. The court has construed plaintiff's Objection liberally, trying to locate any sufficiently specific arguments that might "focus the district court's attention on the factual and legal issues that are truly in dispute[.]" *One Parcel*, 73 F.3d at 1060. Plaintiff's objections fall far short of that mark. Most of them just accuse defendant and Judge Mitchell of malicious conduct and bias. This is a frequent tactic for this plaintiff, but his accusations lack any basis in fact, law, or logic. Plaintiff cites no evidence supporting his bias arguments—other than Judge Mitchell's rulings against him. But our Circuit has emphasized that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification[.]'" *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992)).

Below, in section A, the court reviews Judge Mitchell's application of the factors specified by the controlling legal standard. Then, in sections B and C, the court evaluates

4

plaintiff's arguments, dividing them into two categories: (1) plaintiff's injury and Motion to Stay proceedings, and (2) plaintiff's failure to attend his deposition.

### A. The *Ehrenhaus* Factors

In her Report and Recommendation, Judge Mitchell thoroughly analyzed whether this case meets the Tenth Circuit's standard for dismissing a case as a sanction for failing to comply with discovery obligations and orders. *See* Doc. 242 at 10–17 (applying the governing factors specified in *Ehrenhaus*, 965 F.2d at 920). In his Objection (Doc. 250), plaintiff doesn't present any arguments about any of the *Ehrenhaus* factors. Even so, the court reviews, de novo, Judge Mitchell's application of those factors.

The factors specified in *Ehrenhaus* inquire about:

> (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 920–21 (quotation cleaned up).

*First*, Judge Mitchell found that plaintiff's "failure to provide meaningful discovery responses throughout the duration of this case has prevented [defendant] from exploring basic facts" about plaintiff's claims and formulating appropriate defenses. Doc. 242 at 12. The court agrees with her. Plaintiff's efforts to delay and blockade defendant from acquiring necessary information has impeded defendant's ability to mount a defense. Thus, the first *Ehrenhaus* factor—degree of actual prejudice to defendant—favors dismissal.

*Second*, Judge Mitchell held that plaintiff's unnecessary motion practice has "unilaterally ground this case to a halt." *Id.* at 14. The court's independent review of the docket confirms as much. The scant progress made during discovery traces directly to plaintiff's consistent and persistent abuse of motion practice that far exceeds the norms of reasonable and diligent

5

litigation. Thus, the second *Ehrenhaus* factor—interference with the judicial process—strongly favors dismissal as a sanction.

*Third*, Judge Mitchell held that plaintiff "is culpable for engaging in willful litigation misconduct that has impeded the 'just, speedy, and inexpensive' determination of this action." *Id.* at 16 (quoting Fed. R. Civ. P. 1). Here again, the court agrees. As noted, plaintiff repeatedly has chosen to ignore court orders and the Federal Rules of Civil Procedure. His disregard for orders and the Rules of Civil Procedure has delayed this case's progress. The third *Ehrenhaus* factor—plaintiff's culpability—strongly favors dismissing the case.

*Fourth*, both the magistrate judges and district judge assigned to this case repeatedly have warned plaintiff: sanctions could follow if plaintiff elects to continue abusing motion practice and delaying discovery. Plaintiff has received more than ample warning that his continued behavior could produce serious consequences. The fourth *Ehrenhaus* factor—advance warning to the plaintiff—thus favors dismissal.

*Last*, Judge Mitchell held that "imposing any lesser sanction" than dismissal would "only perpetuate [plaintiff's] intransigence towards complying with his most basic discovery obligations and this court's orders." *Id.* at 17. Given plaintiff's indisputable reluctance to comply with court orders at every turn, the court finds Judge Mitchell's reasoning valid. The fifth *Ehrenhaus* factor—efficacy of lesser sanctions—favors dismissing this case.

Our Circuit has recognized that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus*, 965 F.2d at 920. Mindful of this principle, the court carefully has reviewed plaintiff's behavior during this case and doesn't dismiss plaintiff's case without closely evaluating the sanction's appropriateness. After conducting this review and evaluation, the court now concludes that each factor either favors or strongly favors dismissal.

The court agrees with Judge Mitchell—dismissal is an appropriate sanction for plaintiff's conduct. Thus, the court accepts and adopts Judge Mitchell's Report and Recommendation (Doc. 242). It thus grants defendant's Motion for Discovery Sanctions and dismisses this case with prejudice as a sanction for plaintiff's continuing and willful misconduct.

### B. Plaintiff's Injury and Motion to Stay Proceedings

The *Ehrenhaus* analysis could end the discussion. But the court, applying all appropriate caution, has considered the two principal arguments plaintiff makes in his Objection to Judge Mitchell's Report and Recommendation, Doc. 250. Plaintiff initially contends that Judge Mitchell clearly erred by holding that plaintiff's injuries—apparently sustained in a May 2022 car accident—didn't prevent him from participating in the lawsuit. Doc. 250 at 24–25 (Pl. Obj. ¶ m). He argues that his doctor's post-accident restrictions precluded him from: (a) lifting boxes of documents he purportedly needs to lift to litigate this case; and (b) walking to places (such as the library and FedEx) to make copies. *Id.* Also, he argues, injuries to his thumb, shoulder, and chest—requiring six months of recuperation—prevented him from participating because of pain caused by the injuries and time devoted to physical therapy.

Perhaps the restrictions in his physician's letter kept plaintiff from lifting document boxes and walking long distances. But plaintiff's arguments fail to show that his medical restrictions prevented him from complying with a discovery order or appearing for his deposition. Two things produce this conclusion.

*First*, none of the restrictions in his doctor's letter confine plaintiff's ability to fulfill all his discovery obligations. The volume of plaintiff's post-accident motion practice demonstrates that he can respond to written discovery, as required by the court's Order. And the doctor's restrictions don't prevent plaintiff from appearing and sitting for his deposition. Thus, the

7

doctor's restrictions don't explain why he didn't comply with the discovery proceedings that led to the court's sanctions.

*Second*, plaintiff's intransigence predates his injury by months. Defendant has sought written discovery responses and plaintiff's deposition since January 2022—well before plaintiff's auto accident in mid-May of this year. Plaintiff's "pro se status does not relieve him from complying with the court's procedural requirements." *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006). Also, "while unfortunate, plaintiff's injury does not relieve him from his obligation to participate in [ ] litigation." *Calia v. Correct Care Sols.*, No. CIV A 05-3202-CM, 2006 WL 2574635, at *2 (D. Kan. July 26, 2006). Thus, Judge Mitchell didn't err by denying plaintiff's motion for a stay of all proceedings.

Plaintiff makes several other arguments. But all of them originate in his misunderstanding about how a motion to stay works. Plaintiff argues that he didn't miss the deadline to comply with the discovery order because Judge Mitchell's Order (Doc. 219) didn't establish a new deadline once she denied plaintiff's Motion to Stay (Doc. 215). Doc. 250 at 2 (Pl. Obj. ¶ 1). He also appears to argue that a pending motion to stay pauses all deadlines. *Id.* And relatedly, he argues that defendant improperly filed for sanctions under Fed. R. Civ. P. 37(d)(2).

Plaintiff's first two arguments—asserting that Judge Mitchell didn't establish a "new deadline" after denying his stay motion and that his pending stay motion paused all attendant deadlines—misapprehend the Federal Rules of Civil Procedure. Judge Mitchell didn't need to establish a new deadline for him to comply with because nothing ever disturbed plaintiff's original deadline. A party's motion to stay, by itself, doesn't stay the case. If it did, a motion would have the same effect as a court's Order. That's not how it works. Plaintiff's last

argument—that defendant improperly sought sanctions under Rule 37(d)(2)—fares no better. Rule 37(d)(2) provides cover for sanctions from certain discovery failures, but only when "the party failing to act has a pending motion for a protective order under Rule 26(c)." Plaintiff never filed a motion for a protective order under Rule 26(c).

### C. Plaintiff's Failure to Attend His Deposition

Plaintiff tries to defend his failure to appear for his deposition with three principal arguments: (1) he contends Fed. R. Civ. P. 45(c) limits the place of his deposition to within 100 miles of his residence; (2) defendant never served him with a subpoena and the court never issued an Order compelling him to attend his deposition; and (3) plaintiff's "objection" to defendant's deposition notice nullified any obligation to appear for the deposition. All of these arguments misapprehend relevant provisions in the Federal Rules of Civil Procedure.

*First*, Judge O'Hara (the magistrate judge assigned to the case before Judge Mitchell) already has explained why Rule 45 doesn't require plaintiff's deposition to take place within 50 miles of his residence.[1] *See* Doc. 128. Plaintiff wouldn't accept Judge O'Hara's careful analysis, appealing his decision to the district judge assigned to the case. Rejecting plaintiff's appeal, the district judge—the undersigned—again explained again why plaintiff's position was wrong. *See* Doc. 178 at 4. Now, in this appeal, plaintiff makes the same argument all over again. There's nothing more to say on this subject, and plaintiff can't offer a plausible argument to support his renewal of his discredited argument.

*Second*, plaintiff claims he didn't have to appear for his deposition because the court never ordered him to appear and defendant never served him with a deposition subpoena. These

---

[1] Judge O'Hara's Order, Doc. 128, ruled on plaintiff's motion titled "Plaintiff's Motion to have deposition of a party taken within 50 miles of deponent (person who is deposed)'s residence or workplace[,]" Doc. 100. This context explains the discrepancy between Judge O'Hara's analysis that focused on a 50-mile distance from plaintiff's residence and the 100-mile distance specified in Fed. R. Civ. P. 45(c).

arguments are just plain wrong. Plaintiff's argument misreads Fed. R. Civ. P. 30(a)(1), 37(a)(3), and 37(d). Under the Federal Rules, a plaintiff is subject to sanctions for failing to attend his own deposition after defendant has "served [plaintiff] with proper notice[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). Defendant noticed plaintiff's deposition properly several times. *See* Docs. 79, 80, 92, 141, 182, 208. Plaintiff failed to appear each time, filing, instead, "objections" to the notices. Nothing in the Federal Rules of Civil Procedure or this court's local rules suggests that filing an "Objection" to a properly served deposition notice displaces the party's duty to appear as noticed. Under Rule 37(d)(1)(A)(i), neither a court order nor a subpoena was required before the court could impose sanctions on a party for missing his deposition.

While no court order is required to compel a party to attend his deposition, Judge Mitchell correctly rejected plaintiff's argument that the order denying plaintiff's request for a protective order requiring the deposition to take place in Maryland didn't "*explicitly* order him to appear in Kansas[.]" Doc. 242 at 14. As Judge Mitchell explained, it's "disingenuous to suggest that is not exactly what the order did." *Id. See also Cont'l Fed. Sav. & Loan Ass'n v. Delta Corp. of Am.*, 71 F.R.D. 697, 699 (W.D. Okla. 1976) (explaining that "'the examining party may set the place for the deposition of another party wherever he wishes subject to the power of the court to grant a protective order under [Rule 26(c)(1)(B)] designating a different place'" (quoting 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2112 (3d ed. 1998))). The Rules required merely that defendant serve proper notice on plaintiff to compel him to attend his own deposition. 8A Wright & Miller, *supra*, § 2112. Once the court declined to issue a protective order negating or confining the place of the deposition, defendant's notice sufficed to compel plaintiff to appear in Kansas, where he'd chose to file suit.

*Third*, plaintiff contends that his "Objection" (Doc. 214) to defendant's Fifth Amended Notice to take his deposition (Doc. 208) pre-empted any requirement that he appear for the deposition on the noticed date. But here, as with his understanding about the effects of his Motion to Stay, plaintiff misreads the Federal Rules. An "objection" made in response to an opposing party's deposition notice, has no effect. The governing rule permits a party to make objections "*at the time of the examination*—whether to evidence, to a party's conduct . . . or to any other aspect of the deposition[.]" Fed. R. Civ. P. 30(c)(2) (emphasis added). And when a party properly makes such an objection, it gets "noted on the record, but the *examination still proceeds*; the testimony is taken subject to any objection." *Id.* (emphasis added).

Once defendant served a notice directing plaintiff to appear for his deposition, he had two choices: appear as noticed for the deposition or file a motion for a protective order under Rule 26(c). Plaintiff did neither. Instead, he manipulated the process to maximize the prejudice sustained by defendant. Specifically, defendant issued the deposition notice on May 16, 2022, setting the deposition for June 10. Doc. 208 (Def. Fifth Am. Notice for Pl. Dep.). Defendant did nothing for 24 days. Then, on the day before the scheduled deposition—June 9—plaintiff filed his improper Objection and then failed to appear. *See* Doc. 214.

This Objection devotes six single-spaced pages to plaintiff's argument that his car accident prevented him from appearing for the deposition. Remarkably, plaintiff argued that "Today"—June 9—"was the only day [he] was able to finish with the writing of this Objection." *Id.* at 1. More remarkably yet, plaintiff's Objection asserted that the court "made a mistake" because Judge Mitchell's May 27, 2022, Order (Doc. 209)—which extended his deadline for filing a Reply to support his Motion to Compel—"should be construed" to "grant[ ] [him] a stay on everything [he] was supposed to submit." Doc. 214 at 1. This isn't how it works. While the

11

case is still pending before the district court, no party can nullify an adverse ruling simply by asserting the court's adverse ruling "made a mistake." Nor can a litigant recharacterize a ruling simply by asserting that the ruling "should be construed" to mean the opposite of what it says. Plaintiff's "Objection" didn't have any effect at all—much less the transformative effect he tries to attach to it.

### IV. Conclusion

The court isn't persuaded by any aspect of plaintiff's Objection to Judge Mitchell's Report and Recommendation. Finding the Report and Recommendation legally sound and well-reasoned, the court adopts it and grants defendant's Motion for Discovery Sanctions. The court thus dismisses this case under Fed. R. Civ. P. 41(b), 37(b)(2)(A)(v), and 37(d)(1)(A)(i) as a sanction for plaintiff's persistent and continuing failure to fulfill his discovery obligations. Because it dismisses this case, the court also denies plaintiff's other Motions for Review as moot.

**IT IS THEREFORE ORDERED BY THE COURT THAT**, after reviewing the Order de novo, the Report and Recommendation issued by United States Magistrate Judge Angel D. Mitchell on August 4, 2022, (Doc. 242) is **ADOPTED and AFFIRMED.**

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion for Discovery Sanctions (Doc. 221) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's action against defendant is dismissed with prejudice[2] under Fed. R. Civ. P. 41(b), 37(b)(2)(A)(v), and

---

[2] The Federal Rules of Civil Procedure state that, when a plaintiff fails to "comply with these rules or a court order," a dismissal "under this [Rule 41(b)] and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

37(d)(1)(A)(i).  The court directs the Clerk to enter judgment against plaintiff on all claims and close the case.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's pending Motions for Review (Docs. 229, 246) are denied as moot in light of the court's Order dismissing this case.

**IT IS SO ORDERED.**

**Dated this 27th day of December, 2022, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**