**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FRANCIS YOMI,**

**Plaintiff,**

**v.**

**XAVIER BECERRA, Secretary of Health and Human Services,**

**Defendant.**

**Case No. 21-2224-DDC-ADM**

## MEMORANDUM AND ORDER

In August 2022, United States Magistrate Judge Angel Mitchell recommended that our court dismiss plaintiff[1] Francis Yomi's employment-discrimination lawsuit because plaintiff had failed to participate in discovery. Doc. 242 at 1. Plaintiff objected and asserted, among other things, that a car accident had made it difficult for him to prosecute the case. *See* Doc. 250 at 2–3. Ultimately, the court agreed with Judge Mitchell's recommendation. Plaintiff obstructed defendant from discovering necessary information, interfered with the judicial process, and repeatedly ignored court orders—despite several warnings. Doc. 256 at 5–6. The court also concluded that plaintiff had failed to show that his car-accident injuries had prevented him from meeting his discovery obligations. *Id.* at 7–8. Indeed, his own actions belied his assertions; he filed prolifically, despite the accident. *Id.* And his intransigence predated the car accident. *Id.* at 8.

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally—but won't serve as his advocate. *See Adams v. Fed. Aviation Admin.*, 168 F.4th 1271, 1275 n.1 (10th Cir. 2026).

The court thus adopted and affirmed Judge Mitchell's Report and Recommendation. *Id.* at 5–6, 12. It dismissed plaintiff's case with prejudice. *Id.* at 7. The Tenth Circuit affirmed. *Yomi v. Becerra*, 2024 WL 1109060 (10th Cir. Mar. 14, 2024). And then the Supreme Court denied plaintiff's petition for a writ of certiorari. *Yomi v. Becerra*, 145 S. Ct. 1089 (2025).

Plaintiff now has moved for relief from the court's judgment under Fed. R. Civ. P. 60(b). Doc. 272. "A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191–92 (10th Cir. 2018). Plaintiff bases his motion on a November 2024 decision from Social Security Administration concluding that the car accident had rendered plaintiff disabled. Doc. 272 at 6–7. Plaintiff's motion invokes the following Rule 60(b) grounds: (a) excusable neglect under 60(b)(1); (b) newly discovered evidence under 60(b)(2); and (c) "any other reason that justifies release" under 60(b)(6). *Id.* at 6. Take each subpart in turn, starting with excusable neglect.

Rule 60(b)(1) allows courts to relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." There's a time limit on motions filed under Rule 60(b)(1): one year from the date when judgment entered. Fed. R. Civ. P. 60(c)(1). That one year "runs from the date the judgment was 'entered' in the district court; it does not run from the date of an appellate decision reviewing that judgment, nor does the pendency of an appeal toll the one-year period." *Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088–89 (10th Cir. 2005). The court entered this case's judgment in December 2022. Doc. 257. So, plaintiff's October 2025 motion under Rule 60(b)(1) arrives too late.

Next, there's plaintiff's request based on newly discovered evidence. Rule 60(b)(2) allows for relief from a final judgment based on "newly discovered evidence that, with

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Plaintiff asserts that the SSA's November 2024 finding is new evidence. Doc. 272 at 11. But the one-year time limit applies to Rule 60(b)(2) motions, too. And, as just mentioned, that time starts running from the date of the entry of judgment. Fed. R. Civ. P. 60(c)(1). "A motion under clauses (1) [or] (2) . . . must be denied as untimely if made more than one year after judgment regardless of whether the delay was reasonable." 11 *Wright & Miller's Federal Practice & Procedure* § 2866 (3d ed. 2026). The court thus denies plaintiff's request for relief under Rule 60(b)(2).

Last, there's the catchall found in Rule 60(b)(6): "any other reason that justifies relief" from a judgment. "Courts are instructed to grant relief under this provision only in 'extraordinary circumstances and only when such action is necessary to accomplish justice.'" *Gaddy v. Church of Jesus Christ of Latter-day Saints*, 2023 WL 4763981, at *6 (D. Utah July 26, 2023) (quoting *In re Gledhill*, 76 F.3d 1070, 1080 (10th Cir. 1996)). Plaintiff argues that the SSA's finding of disability is such an extraordinary circumstance. Doc. 272 at 12. The court disagrees. The court dismissed plaintiff's case as a sanction for causing prejudice to defendant by refusing to participate in discovery, interfering with the judicial process by filing an abusive level of motions, and ignoring—repeatedly—court orders. Doc. 256 at 5–6. It was an extreme sanction for extreme conduct. The SSA's finding changes nothing. At bottom, plaintiff's filing is nothing more than an attempt to relitigate his case. *See generally* Doc. 272. That case is over. Plaintiff thus hasn't proffered any sort of extraordinary circumstance warranting a relief from judgment.

In sum, the court denies plaintiff's Motion for Relief from Judgment (Doc. 272) in its entirety.

Plaintiff has also moved for recusal. Doc. 271. He asserts that this court has "twisted" the law to rule against him. *Id.* at 3. But our Circuit has emphasized that "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification.'" *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992)). Plaintiff's Motion for Recusal, like his Motion for Relief from Judgment, is nothing more than an attempt to relitigate the court's prior rulings against him. *See generally* Doc. 271. That kind of effort doesn't meet the standard for recusal. And a "'judge has as strong a duty to sit when there is no legitimate reason to recuse[.]'" *United States v. Read-Forbes*, No. 23-3238, 2024 WL 2861833, at *2 (10th Cir. June 6, 2024) (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). The court thus denies plaintiff's recusal motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Recusal (Doc. 271) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Relief from Judgment (Doc. 272) is denied.

**IT IS SO ORDERED.**

**Dated this 12th day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**